[No. 4289.   Decided October 15, 1902.]

THE STATE OF WASHINGTON *on the Relation of Charles B. Smith* v. SUPERIOR COURT OF KING COUNTY, ARTHUR E. GRIFFIN, *Judge.*

CERTIORARI — WHEN LIES — ABSENCE OF REMEDY BY APPEAL.

Certiorari will lie for the review of the judgment of the superior court determining the question of public use and necessity in proceedings for the appropriation of private property, in the absence of a statute permitting appeal from an adjudication upon that question.

EMINENT DOMAIN — ELECTRIC RAILWAY COMPANIES.

Under Laws 1899, p. 147, granting electric railway corporations the power of eminent domain, such corporations are thereby vested with legal capacity to prosecute proceedings for the appropriation of private property.

SAME — SUFFICIENCY OF PETITION.

Condemnation proceedings for the appropriation of a portion of a dedicated street for electric railway purposes are warranted, although Laws 1901, p. 147, § 1, forbid the exercise of such power with respect to public roads or streets, when it appears from the petition therefor that the street in question lay upon tidelands and was constantly washed by the rise and fall of the tides;

that it had never been used as a street but had merely been platted and dedicated for that purpose; that it could not be so used without filling in or the construction of an elevated trestle or bridge; that the city had authorized an electric railway to be constructed in such street on condition that the holder of the franchise would construct a trestle and roadway for the use of teams as well as for its cars; and that the company was seeking, in compliance with the ordinance of the city, rather to make a street where none existed before instead of being chargeable with the appropriation of a street.

SAME — APPROPRIATION OF EASEMENTS.

The construction of a trestle or bridge in a street constitutes an appropriation of an adjoining lot owner's easements of light, air and access, for which he is entitled to just compensation to be ascertained by a jury.

*Original Application for Certiorari.*

*Moore & Farrell,* for relator.

*Piles, Donworth & Howe,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This is an original application to this court for a writ of certiorari to review a judgment of the superior court of King county in a condemnation proceeding instituted by the Seattle Electric Company. It appears from the record that the relator, Charles B. Smith, is the owner of lots 5 and 6, except the west 27 feet thereof, and lots 1, 2, 7, and 8 of block 21, of D. S. Maynard's plat of the town (now city) of Seattle, and that these lots abut upon Fourth avenue South, a dedicated and platted street of said city. This avenue has never been improved, and cannot be used for the purposes of a public street in front of the relator's lots, by reason of the fact that it is there merely a vacant strip of tide land, 66 feet in width, over which the tide regularly and freely ebbs and flows. The Seattle Electric Company is a corporation authorized by law to construct and operate electric and other railroads in the state of

Washington.   This corporation is engaged in the construction of a street railway in said Fourth avenue South, under and in pursuance of ordinance 7015 of said city.   When the construction of the company's line of railway had reached that portion of the street lying adjacent to the relator's lots, he applied for and obtained a restraining order in an action brought by him in the superior court against the company for an injunction.   At the hearing of this application for a temporary injunction the superior court made an order denying such injunction on condition that the company give a bond in the full amount of the damages which he claimed he would sustain by the building of the railway in front of his premises.   The required bond was given, and the company was about to continue its work upon the street, when the relator herein applied to this court for a writ of certiorari, which was granted on the ground that a bond was not proper in such cases, as, under the constitution of the state, private property may not be taken or damaged for public or private use without first making just compensation therefor to the owner.   *State ex rel. Smith v. Superior Court,* 26 Wash. 278 (66 Pac. 385).

Thereafter the company, on December 20, 1901, instituted a proceeding under the statute relating to eminent domain for the purpose of ascertaining the amount of compensation that should be made to the relator herein on account of the building of the railway line and roadway which the company was constructing, and which the city required it to construct, in accordance with the provisions of ordinance 7015.   The Tucker-Hanford Company was made a party to the condemnation proceeding for the reason that it owns a part of lots 5 and 6, above described; but it has not contested the condemnation, and is not a party to this application for certiorari.   A hearing was had in the superior court, after notice to all parties interested, on

the company's petition, and that court found that all the provisions of the statute had been complied with by the petitioner, and concluded and adjudged that the contemplated use for which the trestle and bridge is proposed to be constructed is really a public use, that the public interest requires the prosecution of the enterprise, and that the property and easements sought to be appropriated and injuriously affected by the construction and maintenance of the trestle and bridge are required and necessary for the purposes of the enterprise.    After filing its findings of facts and conclusions of law and entering the judgment, as above set forth, the court then ordered a jury to be summoned to determine the amount of compensation to be paid to the owners of the premises for the taking and injuriously affecting said premises and easements by the petitioner, for the purposes of the said enterprise, irrespective of any benefit from any improvement proposed by the petitioner in that proceeding.    From this order the relator appealed, and asked the superior court to stay the proceedings until his appeal could be heard in this court, which was accordingly done.    Thereupon the petitioner, the Seattle Electric Company, applied to this court for a writ of mandate in the nature of a *procedendo* commanding the superior court to proceed with the trial of the case before a jury to determine the amount of damages, which application was granted, after a hearing of all parties, and the writ issued as prayed for.    This court, in that proceeding, decided that there is no statute in this state authorizing an appeal from the judgment of the superior court upon the question of public use and necessity in a condemnation proceeding, the act of 1901 (Laws 1901, p. 213) purporting to authorize such appeal being unconstitutional and void.    See *State ex rel. Seattle Electric Co. v. Superior Court,* 28 Wash. 317 (68 Pac. 957).

Before the hearing was had on the petition for condemnation, the relator herein, respondent there, demurred to the petition on the grounds: (1) That said superior court had no jurisdiction of the particular subject-matter of the proceeding; (2) that the petitioner had no legal capacity to prosecute or maintain said proceeding, and (3) that the petition did not state facts sufficient to constitute a cause of action, or to entitle it to any relief. This demurrer was overruled, and an exception noted. The relator, Smith, now seeks by certiorari to review the action of the superior court in overruling the demurrer to the petition of the Seattle Electric Company, and in entering the interlocutory judgment declaring the public use and necessity, and ordering a jury to assess the damages; and he alleges that the court erred in overruling the demurrer and entering the judgment and order above specified. The respondent moves to quash the alternative writ heretofore issued and dismiss the proceeding for certiorari, or, if it be entertained, that the order of the superior court be affirmed.

It is insisted on behalf of the respondent that, inasmuch as there is no statute providing for an appeal from the judgment of the superior court determining the question of public use and necessity, the constitutional and statutory provisions are sufficiently complied with if that question is judicially determined by the superior court, and that such determination may not be reviewed by certiorari. But this same point was made in the recent case of *Seattle & M. Ry. Co. v. Bellingham Bay & E. R. R. Co.,* 29 Wash. 491 (69 Pac. 1107), and was there decided adversely to the contention of the respondent after a careful consideration by this court. In that case the superior court adjudged that the use for which the property in question was sought to be condemned was a public use, and that the public interest required the prosecution of the enterprise, and the respond-

ent in that proceeding applied to this court for a writ of certiorari to review the judgment of the superior court. The petition for the writ was demurred to for the alleged reasons that this court had no jurisdiction to issue the writ, and that the application did not state facts sufficient to constitute a cause of action. After quoting § 16 of article 1 of our constitution, which defines and limits the right of eminent domain, and § 4 of article 4, defining the jurisdiction of the supreme court, and reviewing its former decisions bearing upon the questions under consideration, this court observed:

"It having been adjudged that no review on appeal of the question of public use and interest involved in the exercise of eminent domain proceedings now exists, it follows that the writ of certiorari may be issued to bring up the record for review in the proceedings for appropriation of the right of way through petitioner's real property. The application for the writ states sufficient cause for its issuance."

That case is directly in point here, and is decisive of the question of the power and authority of this court to review the decision of the superior court in condemnation proceedings upon the subject of public use and necessity. It appears clear to us that the petition for condemnation stated sufficient facts to constitute a cause of action, as it alleged all the facts required by the statute to be stated in such proceedings. And it is equally clear that the superior court had jurisdiction of the particular subject-matter of the proceedings, and that the petitioner therein was vested with legal capacity to prosecute said proceeding. In the year 1899 the power of eminent domain was granted to electric railway corporations by an act of the legislature. Laws 1899, p. 147. But a proviso in § 1 of said act declares "that said right of eminent domain shall not be ex-

ercised with respect to any residence or business structure or structures, public road or street"; and it is claimed by the learned counsel for the relator that the Seattle Electric Company is endeavoring to appropriate a public street for the purposes of its railway, in contravention of the above quoted provision of the statute; or that it is at least undertaking to build an elevated railway in a public street of the city, which it has no right to do, in the absence of direct legislative sanction. But we do not think that the company is either attempting to condemn and appropriate to its own use a street, or to construct an "elevated railroad" on a street, within the meaning of the phrase, as understood in localities where such railways are in common use. An elevated railroad, properly speaking, is one which is placed above the surface of the street which is used by the general public; but such is not the character of the structure which the company is required by the city to erect. Fourth avenue South, at the point in question, is a street in name only, and it became such, as we have said, by the mere act of dedication. It can never be used by the public as a street until it is filled in or planked over at an elevation above the rise of the tides. The city, by ordinance, granted to the electric company the privilege of laying its tracks in this platted and dedicated street,—as it was clearly empowered to do by law,—but it required the company, as compensation for such privilege, to construct a plank roadway or bridge (designated in the record as a "trestle and bridge") not less than 22 feet in width, and upon a grade and at a height specified in the ordinance, and to maintain the same for the use of the public as a street as well as for its railroad tracks. It appears from the findings of fact made by the lower court that the natural surface of the ground in Fourth avenue South in front of the relator's lots is $33\frac{1}{2}$ feet below the

15-30 WASH.

present grade of Jackson street, the nearest traveled street, and could not be traveled either by pedestrians or teams; that there is now no roadway or structure of any kind in that part of said avenue; and that the city of Seattle has never established any grade for said avenue in those portions of said avenue which are to be occupied by said trestle and bridge, or taken any steps for the construction of a roadway therein, except by the passage of said ordinance No. 7015. And it would seem, from the record in this case, that what the company is really seeking to do, and what the city requires it to do, under its franchise, is, not to condemn and appropriate a street, but virtually to make a street where none has heretofore existed. It is claimed, however, by the relator that no necessity for taking or injuring his property was shown by the company in the superior court. But that question was determined by the court, in the light of the evidence adduced by the respective parties, in favor of the company, and we see no reason for disturbing its judgment. The electric company does not seek to appropriate the *corpus* of the relator's property, but it is claimed that relator's easements of light, air, and access will be injuriously affected by the building of the proposed structure. Such easements are property, and cannot be taken for public use "without just compensation having been first made, or paid into court for the owner;" but the amount of such compensation must be ascertained by a jury, unless a jury be waived, in the manner provided by law.

The order and judgment is affirmed, at the cost of the relator.

REAVIS, C. J., and DUNBAR, FULLERTON and MOUNT, JJ., concur.