## UTAH LAKE IRR. CO. v. JENSEN.

No. 2862.   Decided November 23, 1916 (161 Pac. 677).

1. APPEAL AND ERROR—CONFLICTING EVIDENCE. A finding for appellee will not be disturbed because based on conflicting evidence. (Page 21.)

2. EMINENT DOMAIN—DAMAGES—QUESTION FOR JURY. Whether seepage of waters from a suitable and properly constructed and operated canal will collect in such quantity as to injuriously affect adjoining lands is a question of fact and not of law, and is dependent upon the particular conditions and facts of the case. (Page 22.)

3. EMINENT DOMAIN—CANALS—DAMAGES. In action to condemn land for canal purposes, the damages recoverable by a landowner are such as naturally and directly result from the improvement properly constructed and operated. (Page 22.)

4. EMINENT DOMAIN—DAMAGES TO LAND—CANAL. In action to condemn for canal purposes, a strip of land, 22½ to 50 feet in width and 955 feet long, diagonally through a farm of about 25 acres under a high state of cultivation, it appearing that the canal would disarrange the irrigation system and the walls of the farm barn, and that about 8½ acres would be so water-soaked as to be worthless, an award of $210 for the strip taken, and $1,042.50 for injury to lands not taken, was proper. (Page 22.)

5. EMINENT DOMAIN—DAMAGES—HIGHWAY—EASEMENT. In proceedings to condemn for canal purposes a strip of land crossing a highway on a farm, the canal to cross the highway underneath the surface, the landowner was entitled to at least some compensation for the land within the highway, since she owned the fee of such land, although burdened with the highway easement. (Page 22.)

Appeal from District Court, Third District, Hon. *C. W. Morse*, Judge.

Action by the Utah Lake Irrigation Company against Hannah C. Jensen. From the judgment, plaintiff appeals.

AFFIRMED.

*Stewart, Stewart & Alexander* for appellant.

*Smith & McBroom* for respondent.

STRAUP, C. J.

The plaintiff, the condemnor, brought this action to condemn for canal purposes a strip of ground, 22½ to 50 feet in width and 955.1 feet long, diagonally through the defendant's lands, an improved farm of about 25 acres, and to assess the damages. The jury awarded the defendant $210 for the strip taken and $1,042.50 for damages to adjoining lands not taken. The controversy chiefly relates to alleged injuries to lands not taken. There is no substantial disagreement between the parties that as to such lands, the defendant was entitled to recovery for all the present and future damages naturally and reasonably incident to a proper construction and operation of the canal, but not as to such as may result from an improper

·or negligent construction or operation of it.   In that connec-
tion the plaintiff proposed this request to charge:

"The defendant in this case has attempted to show that the
defendant's land will be water-logged or water-soaked by rea-
son of the construction and operation of the plaintiff's canal.
You are instructed to disregard and not consider all such evi-
dence."

It is noticed that the request is not predicated on the theory
of a water-logged or soaked condition of the land due to a neg-
ligent construction or operation of the canal.   It rather as-
sumes that such a condition could result only from an
improper construction or negligent operation.   At least that is
what is argued for the request.   The court refused ·it, and
charged this:

"In determining whether the remaining land has been
damaged by the taking of the land for the right of way and
the construction and operation of the canal thereon, and the
extent of such damage, you should consider, so far as shown
by the evidence, the effect the taking of the smaller tract of
land in the manner in which it is taken from this farm will
have upon the convenient and economical operation, irrigation,
and conduct· of the farm.   You should also consider, so far
as shown by the evidence, the question as to whether in the
operation of the said canal by the plaintiff in an ordinarily
careful and prudent manner, water will escape therefrom
where it crosses the defendant's land, and will water-soak and
injuriously affect the remaining land situated below the canal;
and from all the evidence in the case determine what the de-
preciation, if any, in the fair market value of the remainder
of the land was on February 5, 1914, by reason of the taking
of the 96/100 of an acre and the construction and operation
thereon of plaintiff's canal."

It is noticed the charge is predicated on a water-soaked con-
dition of the land, resulting from a careful and prudent
operation of the canal.   The plaintiff first asserts that
there is no evidence to show that any of the land not
taken will be water-logged or soaked, and hence that the court
erred in submitting such a question to the jury.   We think
there is evidence to support a finding in the defendant's favor

on the submitted hypothesis. True, the evidence as to that is in direct and irreconcilable conflict; but the plaintiff accomplishes nothing here by pointing its finger, as it does, to that portion of the evidence most favorable to it and doubling its fists on that against it.

The further contention made is that any substantial damage to adjoining lands from seepage of waters from the canal would so necessarily result from a negligent construction or operation of the canal as not to be recoverable in this action. Whether seepage of waters from a suitable and **2, 3** properly constructed and operated canal will occur in such quantity as to injuriously affect adjoining lands is not a question of law, but of fact, and is dependent upon the particular conditions and facts of the case. That all present and future damages from such source naturally and directly resulting from the improvement properly constructed and operated are recoverable in such an action as this is well settled. 2 Kinney, Irrigation, Section 1082; 1 Wiel, Water Rights, p. 669; *Denver City Irr. & Water Co.* v. *Middaugh,* 12 Colo. 434, 21 Pac. 566, 13 Am. St. Rep. 234; *Middelkamp* v. *Bessemer Irr. Ditch Co.,* 46 Colo. 102, 103 Pac. 280, 23 L. R. A. (N. S.) 795.

It is also claimed that the damages awarded for lands injuriously affected are excessive. The defendant gave evidence to show that the whole of her farm is "under a high state of cultivation, and well adapted to raise all kinds of **4** grains, fruits, and vegetables"; that the canal runs diagonally through it, affecting and disarranging the irrigation system on her lands and the walls of her barn or corral; that about 8½ acres will be so water soaked or logged as to render them worthless, and that the improvement otherwise interferes with the use and enjoyment of her property. Her witnesses estimated her damages to be from $2,800 to $5,000.

The jury awarded her $210 for the strip taken and $1,042.50 for injury to lands not taken. There thus is evidence to support the verdict.

A public highway in an easterly and westerly direction crosses the defendant's lands. The canal by means **5**

of a conduit crosses the highway underneath the surface. The plaintiff requested the court to charge that:

"The defendant is not entitled to recover any damages for the land condemned or taken within the limits of the public highway."

The court refused to give it. Complaint is made of this. The fee to the land occupied by the highway is in the defendant. It is urged that neither the easement nor the defendant's freehold was in any particular affected or damaged, and hence the request ought to have been given. But the defendant's estate by the condemnation was so burdened with another easement as to constitute a taking for which she was entitled to compensation, small though it may be. *Coburn* v. *Ames,* 52 Cal. 394, 28 Am. Rep. 634; *Ranson* v. *City of Sault Ste. Marie,* 143 Mich. 661, 107 N. W. 439; *Kane* v. *New York El. Ry. Co.,* 125 N. Y. 164, 26 N. E. 278, 11 L. R. A. 640; *Smith* v. *Superior Court,* 30 Wash. 219, 70 Pac. 484; 37 Cyc. 208.

We, therefore, think the request was properly refused. She certainly would have been entitled to nominal damages, but even those by the request were excluded.

Let the judgment be affirmed, with costs. Such is the order.

FRICK and McCARTY, JJ., concur.