[No. 6263. Decided June 15, 1906.]

THE STATE OF WASHINGTON, *on the Relation of Hubbard F. Alexander, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Respondents.*[1]

CERTIORARI TO REVIEW AN ORDER IN CONDEMNATION PROCEEDINGS— TIME FOR TAKING.  Under Bal. Code, § 5645, restricting appeals in condemnation cases to thirty days, an application for a writ of certiorari to review the determination of public use or necessity is limited to a period of thirty days after the entry of the order, where no showing is made of special circumstances to excuse the delay and want of diligence (FULLERTON, J., dissenting).

Application for a writ of certiorari to review an order of the superior court for Pierce county, Huston, J., entered February 26, 1906, after a hearing on the merits, adjudging a public use, etc., in a proceeding to condemn land for railway purposes. Application dismissed and order affirmed.

*Hudson & Holt,* for plaintiff.

*H. H. Field,* for respondents.   The petitioner need only prove its corporate existence, and it will be presumed that all steps, required by law to be taken, as a condition of doing business or of exercising the right of eminent domain, have been taken. *Jewell v. Rock River Paper Co.,* 101 Ill. 57; *Peoria etc. R. Co. v. Peoria etc. R. Co.,* 105 Ill. 110; *Spring Valley Water Works v. San Francisco,* 22 Cal. 434; *Brown v. Wyandotte etc. R. Co.,* 68 Ark. 134, 56 S. W. 862; *St. Louis etc. R. Co. v. Belleville etc. R. Co.,* 158 Ill. 390, 41 N. E. 916; *East St. Louis etc. R. Co. v. Belleville etc. R. Co.,* 159 Ill. 544, 42 N. E. 974; *Adamant Mfg. Co. v. Wallace,* 16 Wash. 614, 48 Pac. 415.   The corporate existence may be shown by a certified copy of the articles of incorporation and proof of user or acts of business done by the corporation.   3 Cook, Corporations (5th ed.), p. 1944, note, § 753; *Ward v. Minne-*

[1]Reported in 85 Pac. 673.

*sota etc. R. Co.,* 119 Ill. 287, 10 N. E. 365. Proof that the petitioner was a railroad corporation, that it had been doing business since its organization, had employed engineers, staked out its line, and actually commenced construction, were sufficient to show the petitioner's right to condemn. *Knapp, Burrell & Co. v. Strand,* 4 Wash. 686, 30 Pac. 1063; *Yakima Nat. Bank v. Knipe,* 6 Wash. 348, 33 Pac. 834; *Spokane etc. Lum. Co. v. Loy,* 21 Wash. 501, 58 Pac. 672, 60 Pac. 1119. A corporation need only prove a *de facto* existence in order to exercise the right of eminent domain, and the state, not the landowner, is the proper party to question its legal existence. *Spring Valley v. San Francisco,* and *Peoria etc. R. Co. v. Peoria etc. R. Co., supra; Oregon Short Line R. Co. v. Postal Tel. Cable Co.,* 111 Fed. 842, 49 C. C. A. 663; *Niemeyer & Darragh v. Little Rock etc. R. Co.,* 43 Ark. 111, 20 Am. & Eng. R. R. Cas. 174; *Railroad Co. v. Cashie etc. Lum. Co.,* 114 N. C. 690, 19 S. E. 646; *In re Milwaukee Southern R. Co.,* 124 Wis. 490, 102 N. W. 401. A corporate existence is not put in issue by a general denial, or a denial of all allegations therein, except those admitted or denied, like the one in the case at bar. *Denver etc. R. Co. v. Union Pac. R. Co.,* 34 Fed. 386; *Board of Education v. Prior,* 11 S. D. 292, 77 N. W. 106; *Fletcher v. Co-operative Co.,* 58 Neb. 511, 78 N. W. 1070; *Rembert v. South Carolina R. Co.,* 31 S. C. 309, 9 S. E. 968, 39 Am. & Eng. R. R. Cas. 252; *In re New York etc. R. Co.,* 99 N. Y. 12, 1 N. E. 27, 23 Am. & Eng. R. R. 43. The answer is, in substance, an admission of the corporate existence. 2 Lewis, Eminent Domain (2d ed.), § 390; 7 Ency. Plead. & Prac. 538, note 6; *Chicago etc. R. Co. v. Porter,* 43 Minn. 527, 46 N. W. 75; *Northern Pac. R. Co. v. Coleman,* 3 Wash. 228, 28 Pac. 514. The constitution and laws of the state attach the qualities of a common carrier, and a public use, to all railroad companies, and it was not necessary to prove the character of the railroad. 7 Words & Phrases, §§ 5904, 5907; Constitution, art. 12, §§ 13-16, 20,

21; Pierce's Code, §§ 5114, 7053, 7782, 7797, 7801, 7804; (B. C., §§ 4250, 4313, 4328, 4303, 4306). The court would take judicial notice that logging railroads or other private roads, are not constructed across the entire length of the state, and the contentions of petitioner are met by, *Healy Lum. Co. v. Morris,* 33 Wash. 490, 74 Pac. 681; *North River Boom Co. v. Smith,* 15 Wash. 138, 45 Pac. 750; *Prescott Irr. Co. v. Flathers,* 20 Wash. 454, 55 Pac. 635. Proof that petitioner is incorporated, that it has the right of eminent domain, and has located its road is sufficient to show a public use. *Union Pac. R. Co. v. Colorado Postal etc. Co.,* 30 Colo. 133, 69 Pac. 564, 97 Am. St. 106; *De Buol v. Freeport etc. R. Co.,* 111 Ill. 499; *State ex rel. Smith v. Superior Court,* 30 Wash. 219, 224, 70 Pac. 484. The taking of land by a railroad company is the taking for a public use. *Prescott Irr. Co. v. Flathers, supra;* Const., art. 12, § 1; Bal. Code, § 4154 (P. C. § 5869); *New York etc. R. Co. v. Offield,* 77 Conn. 417, 59 Atl. 510; *Bradley v. New York etc. R. Co.,* 21 Conn. 294, Note to *Barre R. Co. v. Montpelier etc. R. Co.,* in 4 L. R. A. 785. Proof of efforts to purchase is not required as a condition precedent. 2 Lewis, Eminent Domain (2d ed.), § 301, p. 744, notes 11, 12; *Lewis County v. Scobey,* 31 Wash. 357, 71 Pac. 1029. The objections raised are technicalities, and there was ample proof to sustain the order under the rule in, *State ex rel. Smith v. Superior Court, supra; State ex rel. Harlan v. Centralia-Chehalis etc. Power Co.,* 42 Wash. 632, 85 Pac. 344. If there was a want of proof, the reversal should be with directions to allow proof as to such matter only. *Chicago etc. R. Co. v. Porter, supra.*

CROW, J.—On February 15, 1906, the Chicago, Milwaukee and St. Paul Railway Company of Washington filed in the superior court of Pierce county its amended petition to appropriate real estate of Hubbard F. Alexander in said

county for a right of way.  On February 26, 1906, the judge
of said court found the contemplated use for which said real
estate is sought to be taken is public, and ordered said cause
to be continued to April 2, 1906, for the determination of
damages and compensation to be paid to the persons entitled
thereto.  By subsequent continuances the matter of the assess-
ment of damages and compensation was finally set for June
14, 1906.  On May 28, 1906, the said Hubbard F. Alex-
ander, as relator herein, applied to this court for a writ of
certiorari to review the said proceedings and order of the
superior court.  Upon this application a show cause order
was issued.  In response to said order the respondents have
brought up a complete record of the proceedings in the su-
perior court, including all the evidence, and have also made a
motion in this court to dismiss this proceeding for the rea-
sons that the writ of certiorari herein was not applied for or
issued within the time allowed by law, and that the relator
has failed to exercise due and reasonable diligence in apply-
ing for the same.  The hearing in this court has been had
not only on said motion to dismiss but also upon the merits.

The order declaring a public use was entered February
26, 1906, and relator's application was made to this court on
May 28, 1906.  Our code fails to designate any time within
which an application for a writ of certiorari must be pre-
sented, and the respondents contend that where no such time
is fixed by statute, a writ of certiorari to review an order
cannot be issued after the expiration of the time within which
such order might be reviewed upon appeal if an appeal were
allowed.

In *Spooner v. Seattle,* 6 Wash. 370, 33 Pac. 963, this court
said:  "The writ of *certiorari* is in the nature of an ap-
peal, and, while the statute does not fix the time within
which the writ should be applied for, it should be applied
for within a reasonable time after the act complained of has
been done.  .  .  ."

In the recent case of *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 Pac. 726, we said: "The statute does not fix the time within which such applications must be made, but the courts by analogy apply the limitation fixed by law for the prosecution of an appeal.  Ordinarily this court will not entertain jurisdiction of an application of this kind after the time limited by law for prosecuting an appeal has expired. . . ."  In that case, however, we issued the writ by reason of special facts appearing therein.  This rule of practice as stated in the *Lowary* case is in perfect harmony with the current of authority as announced in many well considered cases. See, also: *People v. Supervisors,* 15 Wend. 198; *Elmendorf v. Mayor of New York,* 25 Wendell 693; *People v. Mayor of New York,* 2 Hill 9; *Long v. Ohio River R. Co.,* 35 W. Va. 333, 13 S. E. 1010; *Burgett v. Apperson,* 52 Ark. 213, 12 S. W. 559; *Reynolds v. Superior Court,* 64 Cal. 372, 28 Pac. 121; *State ex rel. Dalrymple v. Milwaukee County,* 58 Wis. 4, 16 N. W. 21; *Crosby v. Probate Court,* 3 Utah 51, 5 Pac. 552.

No showing has been made by the relator herein to explain his lack of diligence, nor do any extenuating circumstances appear from the record sufficient to justify his delay, or call upon us to exercise our discretion in awarding him additional time beyond the period above mentioned.  The respondents contend that the ruling or decision of the superior court sought to be reviewed herein is not a final judgment, but that it is a preliminary order, and that as appeals from any order other than a final judgment must under the provisions of the general appeal act, Bal. Code, § 6502 (P. C., § 1050), be taken within fifteen days after the entry of such order, an application for a writ of certiorari to review the order here involved should, in the absence of special circumstances authorizing a later application, be made within such period of fifteen days.

We do not think this contention can be sustained as the

order here sought to be reviewed is not one of those enumerated in subdivisions two to six of Bal. Code, § 6500, to which the fifteen day limit is applied by § 6502, nor do we think the ninety day period mentioned in said § 6502 is applicable here. A writ of certiorari to review an order adjudging a public use in a condemnation proceeding is authorized by reason of the fact that the appeal awarded by the eminent domain act, Bal. Code, § 5645, only affects the propriety and justice of the amount of damages awarded. *Western American Co. v. St. Ann Co.,* 22 Wash. 158, 60 Pac. 158. The appeal, however, that has been provided by said § 5645, must be taken within thirty days after the entry of the judgment for damages, and we think this period should be adopted by us as the one within which a writ of certiorari to review an order of the character here involved should issue, said period to run from the date of the entry of said order adjudging a public use. The eminent domain act is a law designed to secure a speedy hearing and determination of the right to condemn, and damages to be awarded for the taking of private property. Public interests are involved, which fact in all probability controlled the legislature in fixing the time for appeal at thirty days instead of ninety days as in most other actions.

It would be inconsistent for us to hold that the usual ninety day period for appeal fixed by Bal. Code, § 6502 (P. C., § 1050), should apply by analogy in limiting the period of time in which a writ of certiorari should issue to review an order of this character, while the eminent domain act itself by § 5645, directs that the only appeal for which it provides must be taken within thirty days after the entry of the final judgment for damages. It would be an anomaly if the landowner had ninety days within which to apply for a writ to review the preliminary order adjudging a public use, while if the cause proceeded to a judgment for damages he would have only thirty days within which to appeal from

such final judgment. Trial courts usually proceed promptly to ascertain the damages after said preliminary order has been made, and under such a holding a chain of circumstances might arise whereby a timely application for a writ to review the preliminary order might be made, after the time for the taking of an appeal from the final judgment in the same condemnation proceeding had expired. We therefore hold that in the absence of any unusual circumstances calling for a less stringent rule, we should limit the time within which an application for a writ of certiorari may be made to review an order in condemnation proceedings such as the one here involved, to the period of thirty days from and after the entry of such order. The relator having failed to make his application within such time has not proceeded with due diligence, and his application should be dismissed.

Although we shall not discuss the merits we will nevertheless state that after a careful examination of the entire record we fail to find that any error has been committed by the honorable superior court.

It is ordered that the relator's application be dismissed, and that the judgment of the superior court be affirmed.

MOUNT, C. J., DUNBAR, ROOT, HADLEY, and RUDKIN, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur in either the reasoning or the conclusion of the foregoing opinion. Had the court followed the intimation given in the case of *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 Pac. 726, and held that writs of review must be applied for within the time in which an appeal might be taken under the general statutes relating to appeals, no serious objection could be urged against the rule, as it would then have been certain, easily understood, and applicable in all cases. But the court has seen fit to select the limitation prescribed by a special statute for an appeal from a judg-

ment in a special proceeding, and make it applicable to judgments of the character of the one before us. It is true that the judgment sought to be reviewed, and the judgment the time to appeal from which is held to be controlling, are both judgments in condemnation proceedings had under the statute of eminent domain; and that it is this fact that persuaded the court that there was such an analogy between the two judgments that the time limited for an appeal from the one ought to control the time within which to review the other, but it seems to me that this as a reason is inconclusive, and as a policy is harmful. That the judgments are separate and distinct was determined by this court in the case of *Western American Co. v. St. Ann Co.,* 22 Wash. 158, 60 Pac. 158; and that the right to review the present judgment by a writ of review rests in the fact that there is no right of appeal from it was determined in the case of *Seattle etc. R. Co. v. Bellingham Bay etc. R. Co.,* 29 Wash. 491, 69 Pac. 1107. It being true, therefore, that there is no connection between the judgments, I am unable to see why the rights relating to the one should in any manner be allowed to affect the other. Since they are separate and distinct, each should stand on its own bottom in so far as the right to review it is concerned, and the right should be determined by the general law rather than from any analogy between them.

I think the rule adopted harmful as a policy because it adds another element of uncertainty to the procedure by which causes are brought to this court for review. This uncertainty arises from the fact that there are many judgments that cannot be reviewed but by this writ, and the precedent of this case establishes the principle that special limitations on the right of appeal contained in special statutes are applicable when the right to review any of such judgments are called in question. The result is that instead of having one general limitation applicable to all judgments alike, we have different limitations applicable to different judgments, with

no rule to determine with certainty when they are applicable. It seems to me that only the positive mandate of the statute ought to drive the court to the adoption of such a procedure. I dissent, therefore, from the judgment of dismissal.