[No. 6681.   Decided March 20, 1907.]

THE STATE OF WASHINGTON, *on the Relation of C. C. Pagett et al., Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—PROCEDURE—REVIEW—CERTIORARI.   Certiorari lies to review an order adjudging necessity and public use in condemnation proceedings for a county road, as there is no remedy by appeal; the statute of appeals relating to proceedings in eminent domain permitting an appeal only from the award of damages, and Laws 1901, p. 213, allowing an appeal from adjudication of public use being unconstitutional because of defective title.

SAME—SCOPE AND QUESTIONS REVIEWABLE.   Whether a use is a public use is a judicial question, and the same is subject to review on a writ of certiorari in condemnation proceedings.

Application filed in the supreme court March 15, 1907, for a writ of review to correct a judgment and order of the superior court for Pierce county, Chapman, J., in condemnation proceedings, adjudging the use of property for a highway to be a public use, and ordering a jury to ascertain the amount of damages for the taking thereof.   Granted.

*Titlow & Huffer,* for relators.

*H. G. Rowland,* for respondents.

FULLERTON, J.—On December 22, 1906, Pierce county, acting through its board of commissioners, began proceedings in the superior court of that county to condemn certain lands belonging to the relators, for a right of way over which to establish a county road.   At the time appointed for the hearing, the relators appeared and demurred to the petition on the ground, among others, that the court was without jurisdiction over the subject-matter of the proceedings.   The demurrer was overruled, and a hearing had at which the court adjudged the proposed use of the property to be a public

[1]Reported in 89 Pac. 178.

use, that the public interest required the establishment of the road as proposed by the county, that the land sought to be condemned was required and necessary for the road, and entered an order directing a jury to be summoned to ascertain and determine the amount of damages to be paid the relators for taking the property. The relators thereupon applied to this court for a writ of review to correct the judgment and order of the superior court, claiming that the same were either void, or so far erroneous as to require reversal. The application was made upon notice to the county, and the prosecuting attorney appeared and resisted the granting of the writ on the grounds, first, that the relators have a plain, speedy and adequate remedy by appeal, and second, that the matters and things complained of and assigned as errors in the petition for the writ are matters and things not reviewable in this court either by appeal or writ of review.

With reference to the first objection, it is provided by the statute that the county commissioners in the establishment of roads, in cases where the owner of the land does not accept the award the county makes him, shall direct proceedings to procure a right of way to be instituted in the superior court in the manner provided by law for the taking of private property for public use under the statutes of eminent domain, and of course the procedure provided in that statute governs the proceeding in the superior court. In the case of *Western American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158, we held that the statute of appeals relating to proceedings in eminent domain permitted an appeal only from the propriety and justness of the amount of damages awarded, and did not permit an appeal from the order of condemnation. In numerous subsequent cases we have held that this order could be reviewed by the writ of review, and to so review it has become the established practice. Our attention is called to the statute of 1901, p. 213, as allowing an appeal from this order, but that statute was held invalid, in *State ex rel. Seattle Elec. Co. v. Superior Court*, 28 Wash. 317, 68 Pac.

957, because the object of the act was not expressed in its title. The remedy sought, therefore, is the proper remedy.

As to the second objection, it may be that certain matters are enumerated in the relator's petition and assigned as error which are not subject to review in this court for the reasons asserted by the county, but clearly there are questions suggested by the petition that are reviewable. Without prejudging the case upon its merits, it may be suggested that the question whether the contemplated use of the property is really a public use is made by the constitution a judicial question, notwithstanding any legislative assertion that the use is public, and, certainly, when a court of original jurisdiction makes an order declaring a particular contemplated use of property to be a public use, this court has power to review that order when the question is properly brought before it. But what questions suggested by the relators are reviewable and what of them are not, can best be determined at the hearing upon the merits.

The writ applied for will be granted, returnable in this court on May 1, 1907, at which time the clerk will assign it for argument with the appeal cases from Pierce county at the May, 1907, session of this court. The relators will prepare a printed brief and serve the same on the attorney for the respondents on or before April 17, 1907, and the respondents will have twenty days thereafter to serve and file an answering brief. The hearing ordered for the purpose of assessing the amount of damages to be awarded the relators will be stayed pending the further order of this court.

HADLEY, C. J., MOUNT, ROOT, and CROW, JJ., concur.