[No. 6838.   Decided December 13, 1907.]

WHATCOM COUNTY, *Appellant*, v. JAMES YELLOWKANIM, *Respondent.*[1]

EMINENT DOMAIN—APPEAL—DECISIONS REVIEWABLE—CERTIORARI. No appeal lies from an order in condemnation dismissing proceedings by a county to condemn property for a county road, there being no statute authorizing an appeal and the remedy being by certiorari.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered March 25, 1907, upon sustaining a demurrer to the amended petition, dismissing an action to condemn land for the use of a public highway. Appeal dismissed.

*Virgil Peringer* and *George Livesey,* for appellant.

*Hardin & Hurlbut,* for respondent.

[1]Reported in 92 Pac. 892.

DUNBAR, J.—The appellant, Whatcom county, presented to the superior court of that county its petition praying for the condemnation of certain land described in said petition, said land being private property. Notice in condemnation was served, and thereafter respondent appeared and demurred to the appellant's amended petition. The demurrer was sustained, and the appellant declining further to plead, the court dismissed the case, to appellant's cost. From such action of the court, this appeal is taken.

The respondent interposes in this court a motion to dismiss the appeal, upon the grounds that no authority for appeal sought to be taken herein exists, and that the court has no jurisdiction of the respondent or of the subject-matter of this action. This motion must be sustained. We decided in *Western American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158, that the appeal in condemnation cases brought before this court only the propriety and justice of the amount of damages, and that no question could be raised upon appeal in condemnation proceedings other than as to the amount of damages; that the general statute in relation to appeals did not apply. In that case the contention of the appellant was, that the land sought to be condemned was attempted to be appropriated for a private and not a public use; that the respondent was not authorized by its charter to condemn the right of way or exercise the right of eminent domain; and that respondent was estopped for certain reasons from claiming the right of eminent domain.

In this case the legal question involved is that a county has not power to condemn, under the laws of the state of Washington providing for the taking of private property for public use, through the right of eminent domain; that the appellant did not commence the action in pursuance of any procedure theretofore had in the establishment of a public highway, and therefore was not endeavoring to pursue its remedy by virtue of any authority to condemn provided for in the laws regulat-

ing the establishment of roads or public highways.   After the decision of the case just above referred to, the legislature attempted to make provision for an appeal which would bring other questions before the supreme court, which law is found in the Laws of 1901, page 213.   But that statute was held invalid in *State ex rel. Seattle Elec. Co. v. Superior Court,* 28 Wash. 317, 68 Pac. 957, so that the law is in effect as it was when the case of *Western American Co. v. St. Ann Co.,* *supra,* was decided.   This decision has been reaffirmed many times by this court, and especially in *State ex rel. Pagett v. Superior Court,* 46 Wash. 35, 89 Pac. 178, where, in a proceeding to condemn, a demurrer had been interposed to the petition, which was overruled and a hearing had at which the court adjudged the proposed use of the property to be a public use.   Relators thereupon applied to this court for a writ of review to correct the judgment and order of the superior court. This application was opposed by the respondents for the reason that the relators, as alleged, had a plain, speedy, and adequate remedy by appeal.   The court, in passing upon that objection, said:

"With reference to the first objection it is provided by the statute that the county commissioners, in the establishment of roads, in cases where the owner of the land does not accept the award the county makes him, shall direct proceedings to procure a right of way to be instituted in the superior court in the manner provided by law for the taking of private property for public use under the statutes of eminent domain, and of course the procedure provided in that statute governs the proceedings in the superior court.   In the case of *Western American Co. v. St. Ann Co.,* 22 Wash. 158, 60 Pac. 158, we held that the statute of appeals relating to proceedings in eminent domain permitted an appeal only from the propriety and justice of the amount of damages awarded, and did not permit an appeal from the order of condemnation.   In numerous subsequent cases we have held that this order could be reviewed by the writ of review, and to so review it has become the established practice."

It must logically follow that if, as we decided in the *St. Ann* case, the appeal brings to this court only the propriety and justice of the amount of damages awarded, it would not bring the questions which were raised·by the demurrer in this case. In conformity with the established practice of this court in this character of cases, the appellant's remedy was by certiorari, and the motion to dismiss the appeal will be sustained.

HADLEY, C. J., CROW, and RUDKIN, JJ., concur.