[No. 7707.  *En Banc.*  October 28, 1909.]

OLYMPIA LIGHT & POWER COMPANY, *Respondent*, v.
TUMWATER POWER & WATER COMPANY, *Appellant*,
OLYMPIA BREWING COMPANY, *Defendant*.[1]

EMINENT DOMAIN—PROCEEDINGS—REVIEW—APPEAL OR CERTIORARI.
Under the eminent domain act, Bal. Code, § 5645, limiting the right
to appeal in proceedings to condemn land to the question of the
justness and propriety of the amount of the damages awarded, an
intervening public service corporation, claiming a prior public use,
whose petition in intervention was dismissed upon the sustaining
of a demurrer thereto, occupies the same position as an original
party, and is not entitled to prosecute an appeal from the judgment
of dismissal before any award of damages, either under the eminent
domain act, or the general appeal act, its remedy being by writ of
certiorari (RUDKIN, C. J., FULLERTON, GOSE, and CHADWICK, JJ., dis-
senting).

Appeal by intervener from an order of the superior court
for Thurston county, Linn, J., entered May 4, 1908, in favor
of the plaintiff, upon sustaining demurrers to the answer and
complaint in intervention, in proceedings to condemn certain
water rights and an easement.  Appeal dismissed.

*G. C. Israel, Martin L. Pipes, George H. Funk,* and *Frank
C. Owings,* for appellant.

*T. N. Allen* and *Troy & Falknor,* for respondent.

CROW, J.—This action was commenced by the Olympia
Light & Power Company, a public service corporation, in the
superior court of Thurston county, under the eminent do-
main act, against the Olympia Brewing Company, a cor-
poration, to condemn certain water rights and an easement.
The defendant affirmatively alleged that it was the owner in
fee of the property sought to be condemned; that on July 9,
1907, the Tumwater Power & Water Company, a public ser-
vice corporation, was incorporated and organized under the

[1]Reported in 104 Pac. 778.

laws of the state of Washington, for the purpose of furnishing the municipality of Tumwater, its inhabitants, and others without the corporate limits of Tumwater, with water for drinking, irrigation, and domestic purposes, and with electric lights for light and power purposes; that prior to the commencement of this action, the defendant leased the use and enjoyment of the water power and easement to the Tumwater Power & Water Company, and placed it in possession thereof, and that it was a necessary party to the determination of the issues herein.

Upon permission first obtained by order of court, the Tumwater Power & Water Company filed its complaint in intervention, setting up its rights to the water power and easement, as lessee of the Olympia Brewing Company; alleging that it had devoted the same to a prior public use; that it held, by assignment, a franchise from the town of Tumwater, granting it the use of streets and alleys for laying mains and supplying the inhabitants of the town with water, and also the right to supply them with electricity for lighting, heating, and power purposes, and asked that the petition be dismissed. The petitioner interposed separate demurrers to the answer and complaint in intervention, which being sustained, the intervener declined to plead further, and an order was entered dismissing its complaint in intervention. From this order it has appealed.

The respondent has moved to dismiss the appeal. This is a condemnation proceeding. It is prosecuted under the eminent domain act, a special statute defining procedure in such cases, and authorizing an appeal for the sole purpose of presenting to this court the question of the propriety and justness of the amount of damages in respect to the parties to the appeal. Bal. Code, § 5645 (P. C. § 5110). No damages have yet been awarded, and it is evident that no appeal authorized by the eminent domain act could be prosecuted by an original party from the order here involved. In *Western American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158,

this court held that on an appeal in condemnation cases prosecuted under the eminent domain act, no question other than the amount of damages can be raised or considered, and that the general statutes pertaining to appeals do not apply. There the appellant attempted to prosecute an appeal for the purpose of obtaining the review of an order adjudging a public use and holding that the petitioner was authorized to exercise the right of eminent domain, but the appeal was dismissed as unauthorized.

The appellant contends that it is entitled to maintain this appeal under the general statute (Bal. Code, § 6500 *et seq.*; P. C. § 1048), for the reason that it was not an original party; that it is an intervener; that no order adjudging a public use has been entered; that no damages have been awarded; that it has been improperly dismissed from the action, and that it is entitled to prosecute the appeal for the purpose of securing its reinstatement, so that it may contest respondent's right to condemnation, and resist the obtaining of an order adjudging a public use. We fail to understand how the appellant, after filing its complaint in intervention, can be recognized or treated otherwise than as a party to the action. *Fairfield v. Binnian,* 13 Wash. 1, 42 Pac. 632. It is manifest that it could not thereafter occupy a more favorable position than if it had been an original party. The eminent domain act confers upon it no further or additional rights. After it had intervened, it was a party to a proceeding prosecuted under a special statute, which expressly limits the right of appeal.

The appellant, however, insists that as an intervener it is entitled to prosecute this appeal under the general appeal act. The difficulty with this position is that it would necessitate one method of procedure to be adopted by an original party in a condemnation proceeding, and a different and inconsistent method for an intervener. In other words, the Olympia Brewing Company as an original defendant would have to apply to this court for a writ of certiorari to secure

the review of any order herein other than one affecting the amount and justness of damages, while the intervener could not only proceed by appeal, but could also take such appeal within the period of ninety days fixed by Bal. Code, § 6502 (P. C. § 1050), or after the expiration of the thirty days fixed by Bal. Code, § 5645, as it has attempted to do in this case. The appellant served its notice of appeal on the Olympia Brewing Company, as original defendant, evidently regarding such service as necessary, it having appeared. The Olympia Brewing Company claimed appellant was a necessary party. Could it take a cross-appeal from the order of dismissal? If it could, its right to do so would not rest upon any statute, but upon the incidental fact that an intervener had prosecuted an original appeal under the general statute; but this court has unquestionably decided that the original defendant in a condemnation proceeding could only prosecute an appeal for the purpose of reviewing the amount or justness of damages. It is manifest that the appellant's contention, if sustained, would most seriously complicate appellate procedure in condemnation cases. This case is controlled by the rule announced in *Whatcom County v. Yellowkanim*, 48 Wash. 90, 92 Pac. 892.

As this court, in *State ex rel. Pagett v. Superior Court*, 46 Wash. 35, 89 Pac. 178; *State ex rel. Alexander v. Superior Court*, 42 Wash. 684, 85 Pac. 673, and other condemnation cases, recognized the right of a party to a review by certiorari of an order adjudging a public use, the appellant seems to infer that it could not proceed by certiorari, for the reason that the order here involved was not one of that character. As no public use has yet been adjudged, it insists that it can only obtain reinstatement as an intervener by appeal, or that it would be without remedy. The difficulty with the appellant's argument is that, in its final analysis, it appears to be predicated on the assumption that an order adjudging, or refusing to adjudge, a public use, is the only one that can be reviewed by certiorari. This, however, is not an accurate

interpretation of our former holdings. The order from which the appeal was taken in *Whatcom County v. Yellowkanim, supra,* was not one adjudging or refusing to adjudge a public use. The theory upon which a writ of review may be granted is that a nonappealable order has been entered depriving a party of some valuable right, and that he would be without remedy unless a review could be obtained by certiorari. The order from which the appeal has been taken in this action is not an appealable one, either under the eminent domain act or under the general statute.

The appeal is therefore dismissed.

MOUNT, DUNBAR, PARKER, and MORRIS, JJ., concur.

RUDKIN, C. J., FULLERTON, GOSE, and CHADWICK, JJ., dissent.