[No. 8465,  *En Banc.*  December 11, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Tumwater Power & Water Company, Plaintiff*, v. THE SUPERIOR COURT FOR THURSTON COUNTY, *Respondent*.[1]

CERTIORARI—APPLICATION—TIME.  As the statute fixes no time within which to apply for a writ of certiorari, by analogy, application for a writ must be made within the time for taking an appeal.

EMINENT DOMAIN—PROCEEDINGS—REVIEW.  Appeal or writ of certiorari in condemnation proceedings must be taken within thirty days, and the pendency of an appeal is no excuse for failure to apply for a writ of certiorari.

Application for a writ of certiorari to review an order of the superior court for Thurston county, Linn, J., entered May 4, 1908, upon sustaining a demurrer to an answer in intervention, in condemnation proceedings.  Denied.

*G. C. Israel, Martin L. Pipes, George H. Funk*, and *Frank C. Owings*, for relator.

*A. J. Falknor* and *Troy & Sturdevant*, for respondent.

MOUNT, J.—This is an application for a writ of review. It appears therefrom that the Olympia Light & Power Company brought an action against the Olympia Brewing Company, to condemn certain property which was alleged to be necessary for a public use, the title of which property was alleged to be in the brewing company.  The relator intervened in that action, and filed an answer therein.  The Olympia Light & Power Company filed a demurrer to that answer, which demurrer was sustained by the trial court, and on May 4, 1908, the intervener was dismissed.  Forty-three days later, viz., on June 16, 1908, the intervener in that action, the relator here, appealed from the order of dismissal to this court.  That appeal was dismissed on October 28, 1909, for the reason that the order was not an appealable order.

[1]Reported in 105 Pac. 815.

*Olympia Light & Power Co. v. Tumwater Power & Water Co.*, 55 Wash. 392, 104 Pac. 778. Thereafter, on November 11, 1909, this application was filed here for a writ to review the order of May 4, 1908, dismissing the interveners from the condemnation case.

While the statute fixes no time within which the writ of review must be applied for, we have held by analogy that the writ must be applied for within the time fixed for taking an appeal. *State ex rel. Lowary v. Superior Court*, 41 Wash. 450, 83 Pac. 726; *State ex rel. Alexander v. Superior Court*, 42 Wash. 684, 85 Pac. 673. The time within which an appeal may be taken from a final order in condemnation cases is fixed by law at within thirty days after the entry of the judgment. Bal. Code, § 5645. The time for prosecuting the writ of review had expired when the relator sought to appeal to this court from the order now sought to be reviewed. It was too late at that time to prosecute the writ of review. No excuse is offered why the writ was not applied for within the thirty days after the order was entered, and none appears here now. The fact that an appeal was pending in this court from June 16, 1908, until October 28, 1909, is of course no excuse for not prosecuting the writ of review prior to June 16, 1908.

The application must be denied for the reason that it was not seasonably made.

DUNBAR, PARKER, CROW, MORRIS, and GOSE, JJ., concur.