[No. 8324. Department Two. March 28, 1910.]

NORTH COAST RAILROAD COMPANY, *Respondent*, v. JESSE GENTRY *et al.*, *Appellants*.[1]

EMINENT DOMAIN—PUBLIC USE—APPEAL — REVIEW — CERTIORARI. Under the rule that appeal does not lie from an order adjudging a public use in condemnation proceedings, no appeal can be taken from an order refusing to vacate an adjudication of a public use; since a review of the question of public necessity can only be obtained by certiorari.

Appeal from an order of the superior court for Spokane county, Hinkle, J., entered June 28, 1909, refusing to vacate a decree adjudging a public use in condemnation proceedings, after a trial on the merits and the award of damages by a jury. Appeal dismissed.

*Merritt, Oswald & Merritt*, for appellants.
*Danson & Williams* and *Hamblen & Gilbert*, for respondent.

[1]Reported in 107 Pac. 1059.

Crow, J.—On December 23, 1908, the North Coast Railroad Company, a public service corporation, filed in the superior court of Spokane county its petition against Jesse Gentry, Estella Gentry, his wife, and others, to condemn certain real estate in the city of Spokane. On January 7, 1909, the Kirkwood Distillery Company, a corporation, after leave obtained, filed its complaint in intervention, pleading its interest as lessee and the damages it would sustain. On the same date an order adjudging a public use was entered. On March 12, 1909, the cause came on for trial on the issue of damages to be assessed, at which time the petitioner railroad company, by written stipulation, agreed to pay the Kirkwood Distillery Company $300 and costs for the loss of its lease, and further agreed to permit the intervener to remain in possession until July 1, 1910. After trial other and additional damages were awarded Gentry and wife, and judgment of condemnation was entered. On April 22, 1909, Gentry and wife filed a motion to set aside and vacate the order of January 7, adjudging the public use, for the reason that the petitioner, by permitting the intervener to remain in possession under its lease, until July 1, 1910, disclosed the fact that it did not immediately, or within a reasonable time, need the property for any public use. This motion, supported and resisted by affidavits, was denied on June 28, 1909. The defendants Gentry and wife now prosecute this appeal from the order denying the motion and refusing to vacate the decree adjudging a public use.

The respondent has moved to dismiss the appeal, for the reason that the order is not appealable. This court has repeatedly held, that the only appeal in a condemnation suit authorized by Rem. & Bal. Code, § 931, is one from the judgment for damages; that upon such appeal the propriety and justness of the amount of damages awarded are the only issues to be reviewed, and that no appeal will lie from an order adjudging a public use, or in fact from any order in

a condemnation proceeding other than one awarding damages. *Western American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158; *State ex rel. Alexander v. Superior Court*, 42 Wash. 684, 85 Pac. 673; *Olympia L. & P. Co. v. Tumwater P. & W. Co.*, 55 Wash. 392, 104 Pac. 778; *Whatcom County v. Yellowkanim*, 48 Wash. 90, 92 Pac. 892. The effect of the appellants' motion to vacate was to again raise the issue of public necessity, and obtain a rehearing thereon. When their· motion was overruled, the order made was an adjudication to the effect that the former decree of public necessity had been properly made. The sole and substantial purpose of this appeal is to have this court review the question of public necessity. We have repeatedly held that such a review can only be obtained by certiorari; as under the statute it cannot be obtained by appeal.

The appeal is dismissed.

MOUNT, PARKER, and DUNBAR, JJ., concur.

RUDKIN, C. J.—I think the order should be affirmed. I therefore concur in the result.