[No. 11992. Department Two. December 11, 1914.]

Chicago, Milwaukee & Puget Sound Railway Company, *Respondent*, v. Joseph P. Slosser *et al.*, *Appellants*.[1]

Eminent Domain—Proceedings—Decree—Appeal—Review—Combined Judgment. In eminent domain, there is no right of appeal under the general statutes of appeal, as the eminent domain act is a special act, contemplating three judgments in the course of the proceedings, viz: (1) the decree of public use; (2) the award of damages; and (3) appropriating the title; and provides for an appeal only from the second, bringing up the propriety and justness of the award, which right of appeal is waived by acceptance of the award; hence one final judgment, incorporating all three of the judgments contemplated by statute, entered after an acceptance of the award, is not reviewable by appeal, but only by certiorari, if at all.

Same. In eminent domain proceedings, it is not reversible error to combine the judgment for damages on the award with the final decree of appropriation, since an appeal, allowable on the former, may be taken from the combined judgment *pro tanto*.

Appeal by defendant from a judgment of the superior court for Spokane county, Sullivan, J., entered October 15, 1913, upon the verdict of a jury awarding damages in condemnation for railroad purposes. Appeal dismissed.

*O. C. Moore* and *Codd, Hutchinson & Codd*, for appellants.

*F. M. Dudley* and *F. M. Barkwill*, for respondent.

Fullerton, J.—On May 17, 1910, the respondent, Chicago, Milwaukee & Puget Sound Railway Company, insti-

[1]Reported in 144 Pac. 706.

tuted this proceeding against the appellants to condemn for railway purposes a leasehold interest, held by the appellants in certain described real property, situated in the city of Spokane. In due course of the proceedings, a judgment of public use and public necessity was entered, and the cause tried before a jury on the question of damages. The jury awarded the appellants the sum of $650, the verdict being returned on January 20, 1911. On March 25, 1911, without the formal entry of a judgment on the verdict, the respondent paid into court for the use of the appellants the amount of the award, with costs. This sum the appellants, by their attorneys, withdrew from the registry of the court on October 19, 1911, giving a receipt therefor, reciting that the same was received in full satisfaction of the verdict in the condemnation proceedings. No further proceedings were had in the cause until October 15, 1913, when the following judgment was entered:

"The above entitled cause having come on for trial on the 17th day of January, A. D. 1911, before the Honorable E. H. Sullivan, one of the judges of the above entitled court, and a jury regularly impaneled, at the county court house in the city and county of Spokane, Washington, for the purpose of ascertaining and determining the damages which would be caused to the said defendants in said suit by the taking of their leasehold estates and interests, and the whole thereof, in lot eighteen (18), in block ten (10) of Havermale's Addition to Spokane Falls, (now Spokane), Washington, and the said petitioner and the said defendants having appeared therein and having submitted evidence in their behalf, and the jury having been instructed by the court, and the said cause having been submitted to the said jury, the said jury on the 20th day of January, 1911, made and returned their verdict in said cause, assessing and finding the damages which would be caused to the said Joseph P. Slosser and Mrs. Joseph P. Slosser by the taking and appropriating of their estate and interest in said property at the sum of six hundred fifty dollars ($650.00); that thereafter a motion for new trial in said cause was served and filed on the 23rd day of January, A. D. 1911,

which said motion having thereafter come on for hearing was argued and denied, and the said petitioner thereafter paid unto the clerk of the said court the sum of six hundred fifty dollars ($650.00) together with the costs and disbursements of said defendants in said action, and thereafter, and on the 19th day of October, 1911, the said defendants withdrew the amount of the said award, and the whole thereof, and filed their receipt therefor, in said cause, with the clerk of said court, in words and figures as follows to wit:

"No. 30893.

C. M. & P. S. Ry Co.          Spokane, Wash., Oct. 19, 1911.
        vs.                                Received from
Joseph Slosser     Clerk of Superior Court of Spokane County the following:     Six hundred fifty & 00-100 dollars ($650.00) being in full satisfaction on account of verdict in condemnation proceeding, in the above entitled case.

                                "Nuzum & Nuzum,
                                        "Atty for Defts.

"And no judgment or decree having been heretofore entered in the said action, and it appearing to the court that a judgment should be entered in accordance with said verdict, and a decree of appropriation made unto the said petitioner,

"It Is Now Considered, Ordered and Adjudged that the said defendants have judgment against the said petitioner, the Chicago, Milwaukee & Puget Sound Railway Company, as damages for the taking of their estate and interest in lot eighteen (18), in block ten (10), Havermale's Addition to Spokane Falls, (now Spokane), Washington, in the sum of six hundred fifty dollars, ($650.00), lawful money of the United States, together with their costs herein.

"And it further appearing to the said court that the said petitioner, Chicago, Milwaukee & Puget Sound Railway Company has paid unto the said defendants, Joseph P. Slosser and Mrs. Joseph P. Slosser, his wife, the full amount of said award and judgment, and all costs of said proceeding, and that the same has been received by them; that said judgment is fully satisfied,

"It Is Further Considered, Ordered, Adjudged and Decreed that all the estate and interest of the said defendants, Joseph P. Slosser and Mrs. Joseph P. Slosser, his wife, in and to lot eighteen (18), block ten (10), of Havermale's

Addition to Spokane Falls (now Spokane), Washington, be and the same is hereby appropriated unto the uses and requirements of the said petitioner, Chicago, Milwaukee & Puget Sound Railway Company, its successors and assigns, for the uses and purposes specified in the petition herein, to wit: for the construction, maintenance and operation of a certain railroad to be constructed by said railway company, extending from a point on its main line of railway, at or near Malden, in the county of Whitman, Washington, to and into the city of Spokane, Washington, and for the necessary sidetracks, depot, terminal and switching grounds and warehouses required for receiving, delivering, storage and handling freight with security and safety to the public, and for the construction, operation and maintenance of said railroad, and that the legal title to said described lot be, and the same hereby is transferred to and invested in the Chicago, Milwaukee & Puget Sound Railway Company, its successors and assigns for the uses and purposes aforesaid.

"Done in open court this 15th day of Oct. A. D. 1913. R. G. Hutchinson as atty for Slosser excepts."

This appeal is from the last mentioned judgment.

The respondent moves to dismiss the appeal, basing its motion on the ground that the judgment from which the appeal is sought to be taken cannot be reviewed by an appeal, but must be reviewed, if reviewed at all, in some other form of proceeding. To an understanding of the respondent's position, it is necessary to briefly notice the statute regulating the procedure by which corporations authorized to exercise the right of eminent domain may avail themselves of that privilege, and certain of the decisions of this court founded thereon.

The statute referred to seemingly contemplates the entry, during the course of the proceedings, of three separate and distinct judgments; first (by Rem. & Bal. Code, § 925; P. C. 171 § 176), a judgment finding that the contemplated use for which the property sought to be appropriated is really a public use, and the necessity for its taking for that use; second (by Id., § 926; P. C. 171 § 177), a judg-

ment fixing the amount of the award that is made to the owner of the property appropriated because of the appropriation, both for the property actually taken and for other property damaged thereby; and third (by Id., § 927; P. C. 171 § 178), "... a judgment or decree of appropriation of the land, real estate, premises, right of way, or other property sought to be appropriated, thereby vesting the legal title to the same in the corporation seeking to appropriate such land, real estate, premises, right of way, or other property for corporate purposes." From these three several judgments, a right of appeal is given by the statute itself only from the second, or the judgment for damages (Id., § 931; P. C. 171 § 180a); and as to this it is provided, that "such appeal shall bring before the supreme court the propriety and justness of the amount of damages in respect to the parties to the appeal;" and that, if the owner of the property appropriated accepts the sum awarded, he shall be deemed thereby to have waived conclusively an appeal to the supreme court, "and final judgment by default may be rendered in the superior court as in other cases."

Passing to the decisions, we held in *Seattle & Montana R. Co. v. O'Meara*, 4 Wash. 17, 29 Pac. 835, that the provision of the foregoing statute providing for appeals from judgments of damages was a special statute, and was not repealed by the subsequent enactment of a general statute relating to appeals; and, hence, an appeal could not be entertained from such a judgment unless taken within the time limited by the special statute, although taken within the time limited by the general statute.

In *Western American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158, the doctrine was carried somewhat further. In that case, it was sought to review by an appeal the first of the judgments authorized by the statute above cited, the judgment of public use and necessity. On objection, it was held that the general statutes relating to appeals were inapplicable because of the complete nature of the act, con-

taining, as it does, a special provision relating to appeals; and that the special provision was not adequate, because appeals thereunder are .confined solely to the propriety and justness of the amount of damages awarded. The court has since, in a number of decided cases, consistently adhered to this conclusion, some of which are the following: *State ex rel. Alexander v. Superior Court*, 42 Wash. 684, 85 Pac. 673; *Olympia Light & Power Co. v. Tumwater Power & Water Co.*, 55 Wash. 392, 104 Pac. 778; *Whatcom County v. Yellowkanim*, 48 Wash. 90, 92 Pac. 892; *North Coast R. Co. v. Gentry*, 58 Wash. 80, 107 Pac. 1059.

In the last cited case, this language was used:

"This court has repeatedly held, that the only appeal in a condemnation suit authorized by Rem. & Bal. Code, § 931, is one from the judgment for damages; that upon such appeal the propriety and justness of the amount of damages awarded are the only issues to be reviewed, and that no appeal will lie from an order adjudging a public use, or in fact from any order in a condemnation proceeding other than one awarding damages."

The judgment under consideration, it will be noticed, combines the judgment for damages with the judgment of appropriation. This, while it may be irregular, is clearly not so far erroneous as in itself to require reversal, since it is clear that the mere form of the entry cannot prejudice either party to the proceeding. For, if it be true that an appeal will lie from one of two judgments if entered separately, an appeal therefrom will not be denied merely because it may be irregularly combined with a judgment not appealable. So here, if an appeal would lie from either the judgment for damages or the judgment of appropriation, it will lie from the combined judgment, to be reviewed in so far as it would have been otherwise appealable.

It is the contention of the respondent that no appeal lies from either branch of the judgment; not from that part of the judgment awarding damages, because the appellant has

accepted the award; and not from that part of the judgment appropriating the property, because such a judgment is not appealable in virtue of the statute as construed in the cases above cited. The first of these propositions the appellant does not seriously question; but as to the second, he points out that, in the decisions of this court heretofore rendered, the question before the court has been as to the right of appeal from the judgment of public use and necessity; and he argues that, while the court might well hold that an appeal would not lie from such judgment, the reasoning is not applicable to the judgment of appropriation, since the latter is the final judgment in the action or proceeding, and is appealable by the express provisions of the general statutes. But the logic of the cases cited is to the contrary. While the judgment of appropriation is the final judgment in the sense that it comes last in the series, it is no more final in its conclusiveness than are the two which precede it. Each is final in its own particular sphere, and any rule that would allow an appeal from the judgment of appropriation, would, on like principles, allow an appeal from the judgment of public use and necessity. This principle is announced in the case of *North Coast R. Co. v. Gentry*, from which we have heretofore quoted, and in the late case of *State ex rel. Davis v. Superior Court, ante* p. 31, 143 Pac. 168, wherein the court said: "The rule is settled in this state that, where the statute authorizes a restrictive appeal in special proceedings, the general appeal statute does not apply."

We have gone into the question perhaps at unnecessary length, since it has long since ceased to be of any practical importance. We have not denied the right to review in this court judgments of this character, and the quarrel now is one of form rather than one of substance. We have held in a long line of cases that judgments in condemnation proceedings, where no appeal is provided in statute, may be reviewed in this court by a writ of review, and such has become

the established practice. See, in addition to the cases before cited: *Seattle & M. R. Co. v. Bellingham Bay & E. R. Co.*, 29 Wash. 491, 69 Pac. 1107, 92 Am. St. 907; *State ex rel. Smith v. Superior Court*, 30 Wash. 219, 70 Pac. 484; *State ex rel. Pagett v. Superior Court*, 46 Wash. 35, 89 Pac. 178; *Olympia Light & Power Co. v. Tumwater Power & Water Co.*, *supra; State ex rel. Schmidt v. Superior Court*, 62 Wash. 556, 114 Pac. 427.

The foregoing considerations require a dismissal of the appeal, and it will be so ordered.

CROW, C. J., MOUNT, MORRIS, and PARKER, JJ., concur.