[No. 14143.  Department Two.  January 18, 1918.]

SPOKANE VALLEY POWER COMPANY, *Respondent*, v.
NORTHERN PACIFIC RAILWAY COMPANY,
*Appellant*.[1]

EMINENT DOMAIN—ADJUDICATION OF PUBLIC USE—REFUSING TO VACATE—APPEAL.  No appeal lies from an order refusing to vacate an adjudication of public use.

SAME—ORDER OF NECESSITY—REVIEW.  An order of necessity in eminent domain can be reviewed only by writ of certiorari.

JUDGMENT—VACATION—LIMITATIONS—ORDER OF PUBLIC NECESSITY. Rem. Code, § 466, requiring a petition or motion to vacate or modify a judgment to be served within one year applies to a motion to set aside an order of public necessity in eminent domain proceedings.

Appeal from an order of the superior court for Spokane county, Oswald, J., entered January 16, 1917, denying a motion to vacate a judgment, after a hearing before the court.  Affirmed.

[1]Reported in 169 Pac. 991.

*Geo. T. Reid, J. W. Quick, L. B. da Ponte,* and *Cannon & Ferris,* for appellant.

*Stephens & Jack* and *Lloyd E. Gandy,* for respondent.

HOLCOMB, J.—On June 9, 1914, an order of necessity adjudging a public use was entered in favor of the respondent in this cause. Subsequently the appellant here prosecuted a writ of certiorari to this court, which was docketed, but previous to any hearing on the writ, on the appellant's own motion, the writ was dismissed. Thereafter this case was set for trial on November 14, 1916, but the setting was vacated. Previous to its resetting, on November 3, 1916, a motion was made by appellant to set aside the order of necessity theretofore entered in June, 1914, to which respondent objected upon several grounds, the principal of which was that the court was without jurisdiction.

Appellant contends that the court erred in dismissing its motion to set aside the order of necessity and erred in refusing to set aside the order of necessity, on the grounds and for the reasons stated in appellant's motion and affidavit therefor.

Appellant contends here that Rem. Code, §§ 464 and 466, providing for the vacation or modification of judgments within one year, does not apply in this matter, for the reason that appellant, upon its motion, did not state any statutory ground for setting aside the order of necessity, and therefore is not limited in time by the provisions of § 466, requiring that a petition or motion to vacate or modify a judgment must be served within one year. Appellant contends, also, that, inasmuch as the court has jurisdiction to set aside judgments after the lapse of a year when obtained by fraud extrinsic to the record (*Krohn v. Hirsch,* 81 Wash. 222, 142 Pac. 647, it is entitled to have the order of necessity referred to set aside regardless of the former proceeding and after the year has expired.

We have repeatedly held that no appeal can be taken from an order refusing to vacate an adjudication of a public use. *North Coast R. Co. v. Gentry*, 58 Wash. 80, 107 Pac. 1059; *Chicago, Milwaukee & Puget Sound R. Co. v. Slosser*, 82 Wash. 467, 144 Pac. 706; *Olympia Light & Power Co. v. Tumwater Power & Water Co.*, 55 Wash. 392, 104 Pac. 778; *State ex rel. Schmidt v. Superior Court*, 62 Wash. 556, 114 Pac. 427. And that, in an eminent domain proceeding, an appeal lies only from that judgment awarding the amount of damages, and no question can be raised upon appeal in condemnation proceedings other than as to the amount of the damages. *Western American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158; *State ex rel. Pagett v. Superior Court*, 46 Wash. 35, 89 Pac. 178; *State ex rel. Smith v. Superior Court*, 30 Wash. 219, 70 Pac. 484; *State ex rel. Alexander v. Superior Court*, 42 Wash. 684, 85 Pac. 673; *Seattle & M. R. Co. v. Bellingham Bay & E. R. Co.*, 29 Wash. 491, 69 Pac. 1107, 92 Am. St. 907; *North Coast R. Co. v. Gentry, supra; Chicago, Milwaukee & Puget Sound R. Co. v. Slosser, supra.*

In the last case, we said:

"While the judgment of appropriation is the final judgment in the sense that it comes last in the series, it is no more final in its conclusiveness than the two which precede it. Each is final in its own particular sphere,   .   .   ."

We have, also, in many of the cases cited, and others not cited, repeatedly held that the order of necessity, although a final judgment, must be reviewed by a writ of review, no appeal being provided by statute for reviewing the same. A judgment is final and conclusive until reversed on appeal or vacated by the court granting it, in the manner provided by statute. If proceeded against within one year under our statute, it is done either by petition or by motion in the original case. If proceeded against after the expiration of the year for fraud extrinsic to the record, it must be done in an independent suit so that issues may be joined the same as

in any other action. This court has many times held that the remedy by motion or petition is exclusive in cases like the one under consideration. *State ex rel. Pacific Loan & Inv. Co. v. Superior Court*, 84 Wash. 392, 146 Pac. 834; *Denny-Renton Clay & Coal Co. v. Sartori*, 87 Wash. 545, 151 Pac. 1088, and cases cited in those cases.

The trial court was right in determining that it had no jurisdiction and in refusing to entertain the motion. Affirmed.

ELLIS, C. J., MOUNT, MORRIS, and CHADWICK, JJ., concur.