[No. 14356.    Department Two.    March 2, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Grays Harbor Logging Company et al., Plaintiff*, v. THE SUPERIOR COURT FOR GRAYS HARBOR COUNTY, *W. A. Reynolds, Judge etc., et al., Respondents.*[1]

EMINENT DOMAIN—AWARD OF DAMAGES—APPEAL—REVIEW—SCOPE. By Rem. Code, § 931, the only appeal in eminent domain proceedings is from the judgment awarding damages, and no question can be raised except the propriety and justness of the amount of the damages.

SAME—DECREE OF PUBLIC NECESSITY—REVIEW — CERTIORARI.    In eminent domain proceedings, the only method of reviewing the adjudication of public use is by writ of certiorari.

SAME—DECREE OF APPROPRIATION—REVIEW—CERTIORARI.    In eminent domain proceedings the only method of reviewing the decree of appropriation, if at all, is by writ of certiorari.

SAME—REVIEW—CERTIORARI—TIME FOR APPLICATION.    A writ of review to review the judgment or order of necessity in an eminent domain case must be applied for within thirty days of the entry of the judgment.

SAME—DECREE OF NECESSITY—FINALITY.    In eminent domain proceedings, the judgment or order of necessity is a final judgment.

SAME—DECREE OF APPROPRIATION—SCOPE.    The decree of appropriation in eminent domain proceedings is a collective judgment, incorporating the order of necessity and award, and vests title conditionally, unless the proceedings are abandoned.

Application filed in the supreme court August 24, 1917, for a writ of certiorari to review an order of the superior court for Grays Harbor county, Reynolds, J., entered July 14, 1917, in condemnation proceedings, and for a stay of proceedings.   Denied.

*Donworth & Todd, A. M. Abel, W. H. Abel,* and *R. E. Campbell,* for relators.

*Bridges & Bruener,* for respondents.

[1] Reported in 171 Pac. 238.

HOLCOMB, J.—This is an original application for a writ of review and a stay of proceedings pending the final disposition of a condemnation action instituted under the provisions of the private way of necessity act (Laws 1913, p. 412, ch. 133; Rem. Code, § 5857-1 *et seq.*), in the superior court of Grays Harbor county, wherein the Coats-Fordney Logging Company is the petitioner and the Grays Harbor Logging Company and W. E. Boeing are the respondents. The writ is argued for, and the relief demanded, on the ground that relators have no adequate remedy by appeal.

In the original cause, proceedings were had which resulted in an order of condemnation being entered in the cause on October 15, 1914. On October 22, 1914, a petition for a writ of review to review the order of condemnation was presented to this court by the respondents, Grays Harbor Logging Company and Boeing, which came on regularly to be heard upon October 19, 1914. This court made and entered its decision which is reported in *State ex rel. Grays Harbor Logging Co. v. Superior Court*, 82 Wash. 503, 144 Pac. 722. The decision there affirmed the decision of the superior court and upheld the order of condemnation or adjudication of the use and necessity for taking the property. A petition for rehearing being filed and denied, the judgment of this court was entered in accordance with its decision on March 1, 1915. On April 8, 1915, a petition in that cause for a writ of error to the supreme court of the United States was filed in this court, and, on that date, an order directing the issuance of a writ of error was entered. The cause proceeded to hearing before the supreme court of the United States, and upon March 6, 1917, that court made and entered its decision dismissing the cause for want of jurisdiction, upon the ground that the order of necessity and public use, to review which the writ of error had been

issued, was not a final judgment, but should be construed as being subject to the conditions that the proper compensation to be paid for the taking of the property described in the petition must be first ascertained and paid. In the opinion, it was said:

"When the litigation in the state courts is brought to a conclusion, the case may be brought here upon the Federal questions already raised as well as any that may be raised hereafter; for although the state courts, in the proceedings still to be taken, presumably will feel themselves bound by the decision heretofore made by the Supreme Court, 82 Wash. 503, as laying down the law of the case, this court will not be thus bound." *Grays Harbor Logging Co. v. Coats-Fordney Logging Co.*, 243 U. S. 251.

Thereafter, upon July 2, 1917, the cause having been remitted to the superior court of Grays Harbor county, a trial was had before the court and jury upon the question of the damages to be awarded and paid the respondent, the relators here, for the taking and damaging of their lands as described in the petition for condemnation. The jury awarded damages, and judgment was entered thereon in favor of relators in the sum of $2,500 as the value of the lands taken and damages to the remainder. On August 21, 1917, the court made and entered its decree of appropriation in the cause. The relators here have appealed from the judgment of award of the lower court, and have also brought this proceeding for a writ of review, frankly stating that they are seeking, and believe they are entitled to, a review of all three of the judgments heretofore entered in the cause, in order to obtain a final determination so that they can have the question of the constitutionality of the private way of necessity act passed upon by the supreme court of the United States upon a final judgment.

The act under which the condemnation proceeding was instituted provides that the procedure shall be the same as that provided for the condemnation of private property by railroad companies. Rem. Code, § 5857-2. The method of procedure in condemnation actions by railroad companies is found in Rem. Code, § 921 *et seq.* In considering the provisions of the last act, this court, in the case of *Chicago, Milwaukee & Puget Sound R. Co. v. Slosser,* 82 Wash. 467, 144 Pac. 706, said:

"The statute referred to seemingly contemplates the entry, during the course of the proceedings, of three separate and distinct judgments; first (by Rem. & Bal. Code, § 925, P. C. 171, § 176), a judgment finding that the contemplated use for which the property is sought to be appropriated is really a public use, and the necessity for its taking for that use; second (by Id. § 926; P. C. 171 § 177), a judgment fixing the amount of the award that is made to the owner of the property appropriated because of the appropriation, both for the property actually taken and for other property damaged thereby; and third (by Id. § 927; P. C. 171, § 178) '. . . a judgment or decree of appropriation of the land, real estate, premises, right of way, or other property sought to be appropriated, thereby vesting the legal title to the same in the corporation seeking to appropriate such land, real estate, premises, right of way, or other property for corporate purposes.' "

An appeal is granted by the statute only from the second of the judgments above referred to, namely, that awarding the damages. Rem. Code, § 931; *Chicago, Milwaukee & Puget Sound R. Co. v. Slosser, supra; North Coast R. Co. v. Gentry,* 58 Wash. 80, 107 Pac. 1059.

The only method of reviewing the question of the right to take property under the power of eminent domain, that is, the question of use and necessity, is by certiorari or writ of review. *Seattle & M. R. Co. v. Bellingham Bay & E. R. Co.,* 29 Wash. 491, 69 Pac.

1107, 92 Am. St. 907; *Whatcom County v. Yellowkanim,* 48 Wash. 90, 92 Pac. 892; *State ex rel. Pagett v. Superior Court,* 46 Wash. 35, 89 Pac. 178; *State ex rel. Alexander v. Superior Court,* 42 Wash. 684, 85 Pac. 673; *State ex rel. Smith v. Superior Court,* 30 Wash. 219, 70 Pac. 484.

The only method of reviewing the decree of appropriation, the last of the three judgments above mentioned, if at all, is by certiorari or review. *Chicago, Milwaukee & Puget Sound R. Co. v. Slosser, supra; Olympia Light & Power Co. v. Tumwater Power & Water Co.,* 55 Wash. 392, 104 Pac. 778; *State ex rel. Davis v. Superior Court,* 82 Wash. 31, 143 Pac. 168. Even then we cannot again review the adjudication of necessity, nor review that question at all if it was allowed to become final without review thereof.

We have held that, upon an error from a judgment awarding damages in a condemnation proceeding, no question can be raised as to the right to condemn, but that the review will be confined solely to the propriety and justness of the amount of damages. *Fruitland Irr. Co. v. Smith,* 54 Wash. 185, 102 Pac. 1031; *North Coast R. Co. v. Gentry, supra; Calispel Diking Dist. v. McLeish,* 63 Wash. 331, 115 Pac. 508; *Seattle, Port Angeles & Lake Crescent R. v. Land,* 81 Wash. 206, 142 Pac. 680; *State ex rel. Davis v. Superior Court, supra.*

The only question, then, which relators may present to this court upon appeal from the second judgment is that of the adequacy of the damages awarded, and, for this reason, they contend that, having no appeal from the last judgment, the decree of appropriation vesting the title in the appropriator, they have the right to a writ of review therefrom which would review the original order or judgment of necessity.

We have uniformly held that the writ of review for the purpose of reviewing the judgment or order of ne-

cessity entered in an eminent domain case must be applied for within thirty days from the date of the entry of the judgment. *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 Pac. 726; *State ex rel. Alexander v. Superior Court,* 42 Wash. 684, 85 Pac. 673; *State ex rel. Tumwater Power & Water Co. v. Superior Court,* 56 Wash. 287, 105 Pac. 815.

The judgment of necessity was entered herein October 15, 1914, and within thirty days thereafter these same relators petitioned this court for a writ of review to review the identical judgment of necessity which it now seeks to have the court again review. At that time this court fully reviewed every question involved in the present application, including the constitutional question, and upheld the judgment of the lower court and the constitutionality of the private way of necessity statute. To issue a writ now would reverse all previous decisions of this court and establish a precedent which would require this court to issue the writ in all subsequent condemnation cases after the decree of appropriation had been made, and again review the judgment of necessity. Without the adjudication and judgment of necessity, no subsequent proceedings can be had. As to that, under our system, it is final, subject only to review as provided by law.

It seems to us that the supreme court of the United States overlooked our decisions holding that the judgment or order of necessity, under our statutes, is a final judgment. And it has always been held by that court that constructions of local statutes and of judicial procedure by the court of last resort of a state will be followed by that court. The decree of appropriation is nothing more than a collective judgment, incorporating in it the decree or order of necessity and judgment on the award of the jury. The decree of appropriation vests title in an appropriator upon the condition that

the appropriator pays to the owner, or into court for his benefit, the money awarded, and there is nothing to bind or compel the appropriator so to do. He can even then waive his right to appropriate and take the land, abandon it, and refuse to pay the money, in which case the owner of the land would retain his land, and the previous judgments and orders would be null.

For these reasons, the writ of review and stay of proceedings are denied.

ELLIS, C. J., CHADWICK, MOUNT, and MORRIS, JJ., concur.