[No. 6296½.  Decided July 17, 1906.]

THE STATE OF WASHINGTON, *on the Relation of E. J. McCormick, Plaintiff,* v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—CERTIORARI—TO REVIEW ADJUDICATION OF PUBLIC USE.  Certiorari to review an adjudication of public use in condemnation proceedings does not lie in the absence of any claim of error upon that subject.

SAME—REVIEW—ERRORS ASSIGNED.  A claim of error upon certiorari to review an adjudication of public use cannot be based upon a claim of want of personal service upon a resident defendant, when the statute allows a service by publication in case the defendant's residence is unknown or cannot be ascertained, and the relator shows affirmatively that the notice was published and fails to show that it was not published within the statute.

SAME—APPEAL—REVIEW ON PROPRIETY OF DAMAGES.  Upon a condemnation proceeding error in irregularly drawing a jury from an open venire is reviewable upon appeal, under Bal. Code, § 5645, providing that an appeal shall only bring before the supreme court the propriety and justness of the amount of the damages, since the error relates to the procedure or trial by which the damages are ascertained.

Certiorari to review an order of the superior court for Walla Walla county, Brents, J., entered June 7, 1906, in a proceeding for the appropriation of land for railroad purposes.  Writ denied.

*Brooks & Bartlett,* for relator.

*Lester S. Wilson,* for respondents.

HADLEY, J.—An application was made to this court for a writ of review directed to the superior court of Walla Walla county.  The affidavit avers that the relator is the owner of certain real estate in Walla Walla county, and that on the 12th day of May, 1906, the Oregon Railroad and Navigation Company, a corporation, filed in the superior court of said county a petition for the condemnation of said land; that

[1]Reported in 86 Pac. 205.

thereafter a notice was published, fixing the return day for
the 2d day of June, 1906; that personal service of the notice
was not made upon the relator, who was then and now is a
resident of the state of Washington and the county of King;
that the relator had not actual notice of any of the proceed-
ings in said cause until after a judgment for condemnation
and appropriation was entered therein; that on said June 2
the court proceeded to take proofs in said cause and then
adjourned the hearing until June 6; that further proofs were
then taken and, on the 7th day of June, the judgment was
entered adjudging the use for which the property is sought
to be a public one, and that a public necessity exists for
the taking thereof.

The affidavit further sets forth that at the same time the
court ordered its clerk to issue to the sheriff of said county
an open venire returnable on June 16, 1906, by which the
sheriff was directed to summon twenty-four jurors from which
a jury should be impaneled to assess the damages for the tak-
ing of said lands; that thereafter a jury of twelve men was
selected from twenty-four who were summoned upon an open
venire in pursuance of the said order, and the jury so im-
paneled assessed the damages. It is further alleged that
theretofore the jury commissioners of said county had, as
provided by law, duly drawn the names of thirty-nine men to
serve as petit jurors during the month of June, 1906, and
that said jurors so drawn were summoned to appear and
serve in said court on and after the 18th day of June, 1906,
and until discharged by the court; that none of said jurors
so drawn were permitted to serve upon the jury impaneled
to assess the damages aforesaid, and that the court thereby
exceeded its jurisdiction. The record shows that due notice
of this application was served upon the petitioner in the con-
demnation proceeding, but no appearance has been made in
this court.

It is well established in this state that the adjudication as
to the public use and necessity for which property is sought

to be taken cannot be reviewed on appeal, under Bal. Code, § 5645, and that the relief must be had by the writ of certiorari which our statute calls the "writ of review." The application for the writ must, however, disclose some apparent error or lack of jurisdiction before the writ will be issued. It is not sufficient to merely show that there has been an adjudication upon the subject of public use and necessity. The relator does not allege any distinct ground or claim of error pertaining to that subject. We are unable to discover from the affidavit upon what the relator bases any claim of error upon that subject, unless it is found in the averments that no personal service was made upon him before the adjudication, that he was a resident of King county in this state, and that he did not have actual notice prior to the adjudication. The affidavit, however, states that notice of the hearing was published, and it fails to disclose that there was no affidavit filed in support of the published notice, as provided by Bal. Code, § 5638. That section provides that, when affidavit is made that the owner is a nonresident of this state,

"  .   .   .  or that after diligent inquiry his residence is unknown or cannot be ascertained by such deponent, service may be made by publication thereof in any newspaper published in the county where such lands are situated once a week for two successive weeks;  .   .   .  and such publication shall be deemed service upon each of such nonresident person, or persons, whose residence is unknown."

Inasmuch as the relator shows affirmatively that a notice was published, and fails to show that it was not published within the terms of the above statute, we will presume that it was so done. The affidavit therefore discloses no error or lack of jurisdiction appertaining to the adjudication as to the public use or necessity which calls for the writ of review.

It is, however, urged that the writ should issue to review the action of the court in ordering the open venire for the summoning of jurors, and in causing the jurors who assessed

the damages to be selected from persons other than those regularly drawn by the jury commissioners. It is contended that the above matter cannot be reviewed on appeal from the judgment awarding damages. The argument is based upon the following portion of Bal. Code, § 5645, to wit; "and such appeal shall bring before the supreme court the propriety and justness of the amount of damages in respect to the parties to the appeal." It is insisted that, inasmuch as this court has held that the above does not include the right of appeal from the adjudication as to the public use and necessity, but is confined to the propriety and justness of the amount of damages, it follows that no questions can be reviewed on appeal except evidentiary matters or those which directly affect the amount of damages. We think, however, that questions involved in the immediate procedure or trial by which the damages are ascertained may be reviewed on appeal. The "propriety" of the amount of damages necessarily means the proper amount, and the proper amount cannot be ascertained except through the channels and instrumentalities provided by law for that purpose. The law says a jury shall determine what is the proper amount unless the jury is waived. A jury not selected in the manner provided by law is as much incapacitated to determine the proper amount as would be entire strangers to the proceedings, unless the parties acquiesce in the findings. The lawful impaneling of a jury is a necessary incident to the ascertainment of the proper amount of damages, and a review of the latter question necessarily includes the former. As to the question last discussed, the relator has therefore a remedy by appeal, and for reasons heretofore assigned, the writ is in all particulars denied.

MOUNT, C. J., FULLERTON, CROW, DUNBAR, RUDKIN, and ROOT, JJ., concur.