[No. 6523. Decided December 5, 1906.]

THE STATE OF WASHINGTON, *on the Relation of Port Town-send Southern Railway Company, Plaintiff*, v.
THE SUPERIOR COURT FOR PIERCE COUNTY,
*Respondent*.[1]

EMINENT DOMAIN—JUDGMENT—REVIEW—CERTIORARI OR APPEAL.
Certiorari does not lie to review a judgment entered on the jury's award of damages whereby the petitioner was required to forthwith elect, pending appeal from the judgment, whether it would pay the award and take the property; inasmuch as all questions arising at or after the trial before the jury may be reviewed on appeal from the judgment.

Application for a writ of certiorari to review a judgment of the superior court for Pierce county, Snell, J., entered October 3, 1906, upon the verdict of a jury awarding damages in a condemnation proceeding, after a trial on the merits. Denied.

*J. F. Fitch* and *Charles Bedford*, for relator.

*Walter M. Harvey*, for respondent.

CROW, J.—This is an original application for a writ of certiorari. The relator, a railroad corporation, alleges that on July 16, 1906, it filed in the superior court of Pierce county its petition for the condemnation of certain real estate belonging to Stefano Barbare and Lecretia Barbare, his wife; that in the regular course of procedure an order was made adjudging a public use; that a jury, duly impaneled, returned a verdict for $16,000, damages to be paid by the relator; that on October 3, 1906, the judge of the superior court, without notice, entered an ordinary money judgment for such damages, instead of decreeing the same to be paid by the relator prior to its taking possession of the property; that immediately thereafter the relator served and filed a

[1]Reported in 87 Pac. 814.

motion to vacate or modify such judgment; that upon the hearing of its motion, the superior judge ordered the relator to forthwith elect whether it would take the property under the condemnation proceeding or refuse to take the same: that the relator declined to make any such election at that time, but stood mute; whereupon the court refused to vacate or modify the money judgment for $16,000 already entered; that the relator has appealed to this court from such judgment; that its appeal has been perfected, and that without waiving any of its rights under such appeal, it now petitions for a writ of certiorari to review the action of the superior court in entering such original money judgment for damages, in ordering the relator to elect whether it would take the property prior to the determination of its appeal, and also in refusing to vacate or modify the judgment so entered. The respondents have demurred to the relator's affidavit, and the hearing in this court has been upon their demurrer.

The relator's attorneys candidly acknowledge themselves to be in serious doubt as to whether the relator is entitled to a writ of review, or whether the orders of which it complains may not be reviewed upon the appeal already perfected. They admit that they have presented this application out of the abundance of caution for the complete protection of the rights of their client, but upon the hearing have insisted that this court has jurisdiction to review in this proceeding the orders above mentioned. Although in *Western American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158, we held an appeal would not lie in a condemnation proceeding from an order adjudging a public use, and assigned as our reason that under the condemnation statute, Bal. Code, § 5645, no question could be considered on appeal other than the propriety and justness of the amount of damages, we have since had occasion to further consider the same section in *State ex rel. McCormick v. Superior Court*, 43 Wash. 91, 86 Pac. 205, where we held that an appeal from the final

judgment awarding damages would permit this court to enter upon a much broader scope of inquiry than the mere examination of evidentiary matters directly affecting the amount of damages. A writ of certiorari was sought to review alleged errors of the superior court in the procedure adopted by it in summoning and impaneling the jury which assessed the damages in a condemnation proceeding. In passing upon the relator's application, we said:

"It is, however, urged that the writ should issue to review the action of the court in ordering the open venire for the summoning of jurors and in causing the jurors who assessed the damages to be selected from persons other than those regularly drawn by the jury commissioners. It is contended that the above matter cannot be reviewed on appeal from the judgment awarding damages. The argument is based upon the following portion of Bal. Code, § 5645, to wit: 'And such appeal shall bring before the supreme court the propriety and justness of the amount of damages in respect to the parties to the appeal.' It is insisted that, inasmuch as this court held that the above does not include the right of appeal from the adjudication as to the public use and necessity, but is confined to the propriety and justness of the amount of damages, it follows that no questions can be reviewed on appeal except evidentiary matters, or those which directly affect the amount of damages. We think, however, that questions involved in the immediate procedure or trial by which the damages are ascertained may be reviewed on appeal."

The substantial effect of the above language is to hold that, upon the hearing of an appeal taken from a final judgment awarding damages in a condemnation proceeding, this court may inquire into all matters of procedure, practice, and evidence which incidentally arise during the trial of the question of the amount of damages to be assessed, and it would naturally follow that any order made afterwards, arising out of or based upon the verdict for damages, may also be reviewed upon such appeal. To hold otherwise would necessitate a procedure which might frequently result in this

court being compelled to hear, at one and the same time, an application for a writ of certiorari and also an appeal, both arising out of one and the same judgment. We must assume that the legislature had good and sufficient reasons for failing to permit an appeal from the preliminary order by which a public use is adjudged. ·As the practice now stands, any party who may be dissatisfied with the preliminary order of the superior court may apply for a writ of certiorari to have the judicial question of the public use finally determined by this court before damages can be assessed. This procedure avoids the possibility of any assessment of damages being made and this court thereafter holding that no public use existed. Otherwise a petitioner might be compelled, in a condemnation proceeding, to return the property after it had actually paid for and taken the same, and after this court on final hearing determined no public necessity existed. Taking a comprehensive view of the entire statute, we arrive at the conclusion that, upon an appeal from the final judgment awarding damages, all questions which incidentally arise during the trial before the jury for the determination of such damages, or after the return of the verdict of the jury, can be reviewed by this court.

As the relator will be entitled to have all the questions which it now presents finally determined upon its appeal already perfected, its application for a writ of review is denied.

MOUNT, C. J., DUNBAR, ROOT, FULLERTON, HADLEY, and RUDKIN, JJ., concur.