[No. 6506.    Decided April 23, 1907.]

THE STATE OF WASHINGTON, *On the Relation of Northern Pacific Railway Company et al., Appellants,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

EMINENT DOMAIN—REVIEW—CERTIORARI—ADEQUACY OF REMEDY BY APPEAL.  Certiorari does not lie to review an adjudication of public use in condemnation proceedings instituted by a city of the third class; since, under Laws 1905, p. 84, § 50, providing that the procedure as to appeals therein shall be the same as in other civil actions, review thereof may be had upon appeal, and the adequacy of the remedy by appeal is not affected by the fact that it is not as speedy, when the delay does not deprive appellant of the fruits of the appeal.

[1]Reported in 89 Pac. 879.

Certiorari to review a judgment of the superior court for King county, Albertson, J., entered October 12, 1906, adjudging a public use, in condemnation proceedings.   Dismissed.

*Carroll B. Graves* and *Piles, Howe & Farrell,* for relator.

*I. H. Randolph* and *Wilson & Thorgrimson,* for respondent.

FULLERTON, J.—The city of Georgetown, in King county, passed an ordinance providing for the extension of a public street in that city, known as Saunders Avenue, from a point near its present terminus to Rainier Avenue.   The street as projected crossed the tracks of the Northern Pacific Railway Company and the Columbia and Puget Sound Railroad Company, and condemnation proceedings were begun by the city against the companies to procure the necessary right of way. On the hearing the trial court adjudged that the contemplated use to which the city sought to appropriate the property was a public use, and ordered a jury impaneled "to ascertain the just compensation to be paid the railroad companies for the property taken or damaged by the establishment of the street."   Thereafter the railroad companies applied *ex parte* to this court for a writ of review to review the proceedings of the lower court, and particularly the adjudication that the use for which the city sought to appropriate the property was a public use.   The writ was granted, and on the return day appointed, the city, as a part of its return, moved to quash the writ on the ground that it was improvidently issued, as the railroad companies had a plain, speedy and adequate remedy by appeal.

The motion to quash must be granted.   In this state the writ of review lies to review the judgment of an inferior court or tribunal only where there is no appeal, or in the judgment of the court no plain, speedy and adequate remedy at law.   Bal. Code, § 5741 (P. C. § 1396).   The act of the legislature relating to condemnation proceedings for necessary public improvements by cities of the third class to

which the city of Georgetown belongs, provides that the practice and procedure under the act in relation to taking appeals and the prosecution thereof shall be the same as in other civil actions.   Laws 1905, p. 84, § 50.   In *Puyallup v. Lacey*, 43 Wash. 101, 86 Pac. 215, we held that this language made the general statutes relating to appeals applicable to such proceedings, and that under these statutes an appeal would lie from the order adjudging that the contemplated use for which the property is sought to be taken is really a public use, as well as from the order fixing the sum to be paid for the property taken or damaged.

That the remedy by appeal is adequate, within the meaning of the statute, there can be but little dispute, as all questions that can be brought before the court by a writ of review can be brought before it by an appeal.   Nor should the writ be granted because the remedy by appeal is less speedy than the remedy by writ of review.   The length of time it will take to prosecute an appeal is not a test of the efficiency of the remedy.   It must further appear that the delay incident to the appeal will work a deprivation of some substantial right which will prevent the enjoyment of the fruits of the appeal, before it can be said that the remedy is inefficient.

The motion to quash is granted, and the application dismissed.

HADLEY, C. J., CROW, MOUNT, and DUNBAR, JJ., concur.