[No. 9180. Department One. May 10, 1911.]

CALISPEL DIKING DISTRICT No. 1 OF STEVENS COUNTY, *Respondent*, v. F. H. McLEISH *et al.*, *Appellants*.[1]

EMINENT DOMAIN—DRAINS — APPEAL — REVIEW — QUESTIONS REVIEWABLE. Under Rem. & Bal. Code, § 4107, providing that an appeal from any judgment of damages or any assessment of benefits in condemnations for dikes shall bring before the supreme court the propriety and justness of the amount of damages or assessment, errors going to the validity of the organization of the district or regularity of the proceedings leading up to the judgment of condemnation cannot be considered on appeal from the final judgment.

Appeal from judgments and orders of the superior court for Stevens county, Carey, J., entered March 7, 1910, awarding damages and confirming assessments levied to pay therefor, in proceedings to condemn land for a system of dikes. Affirmed.

*Skuse & Morrill*, for appellants.

*R. L. Edmiston*, for respondent.

FULLERTON, J.—In the latter part of the year 1908, certain freeholders residing in a portion of Stevens county re-

[1]Reported in 115 Pac. 508.

quiring diking organized a diking district composed of such territory and elected three "dike commissioners" to manage the affairs of the district, pursuant to the act of March 20, 1895, and the act amendatory thereof. Rem. & Bal. Code, § 4091 *et seq.* Thereafter the dike commissioners began proceedings looking to the construction of a system of dikes. To that end they filed a petition in the superior court of Stevens county praying for the condemnation and appropriation of a right of way for a dike, and for an assessment upon the lands benefited by the construction of the dike to pay for the right of way and the costs of such construction. All of the property holders of the district were made parties to the proceedings and duly served with summons, and such proceedings were thereafter had as to result in a judgment of condemnation of a right of way for the construction of a dike and an assessment upon the property within the district benefited by the improvement to pay the value thereof and the costs of constructing the dike. From these orders and judgments, F. H. McLeish and Charlotte McLeish, Henry Bauer and Frank Winchester, freeholders residing within the diking district and having property affected by the construction of the dike, gave notice of appeal, the body of which was as follows:

"You and each of you, are hereby notified that the above named defendants, F. H. McLeish, Charlotte McLeish, Frank Winchester and Henry Bauer, appeal to the supreme court of the state of Washington from that certain order of the court made and entered in the above entitled cause on the 7th day of March, 1910, and from the whole thereof, and also appeal from that certain judgment made and entered in the above entitled cause on the 12th day of March, 1910, and from the whole thereof."

The appellants do not claim, either in their assignments of error or in the arguments made in support of their appeal, to be aggrieved by the judgment for damages made in their favor or by the assessments made upon their property, but confine their assignments of error and arguments to ques-

tions going to the validity of the organization of the district. and to the regularity of the proceedings which led up to the judgment of condemnation and the assessment of benefits. The respondent contends that these questions cannot be brought to this court by an appeal from the judgment of condemnation and the judgment confirming the assessment of benefits, but insists that they must be brought before this court by a writ of review, if the questions are reviewable at all; arguing that an appeal only brings before the court the "justness of the amount of damage or the assessment of benefits in respect to the parties to the appeal."

It is our opinion that this objection is well taken. The provision of the diking statutes relating to appeals reads as follows:

"Every person or corporation feeling himself or itself aggrieved by any judgment for damages or any assessment of benefits provided in this chapter, may appeal to the supreme court of the state within thirty days after the entry of the judgment, and such appeal shall bring before the supreme court the propriety and justness of the amount of damages or assessment of benefit in respect to the parties to the appeal. Upon such appeal no bonds shall be required and no stay shall be allowed." Rem. & Bal. Code, § 4107.

In *Western American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158, we held that a similar provision in the general statute relating to condemnation proceedings allowed an appeal only from the "propriety and justness of the amount of damages in respect to the parties to the appeal;" holding that the general statute of appeals had no application for the reason that the condemnation statute was a special statute, and since the legislature had allowed only a limited appeal therefrom, it was equivalent to a denial of the applicability of the broader provisions of the general statute. Had the appeal been taken from the award of damages or the amount of the assessment, or had some question been made concerning them, the court perhaps would have reviewed, under the authority of the cases of *State ex rel. McCormick v. Superior*

*Court,* 43 Wash. 91, 86 Pac. 205, and *State ex rel. Port Townsend Southern R. Co. v. Superior Court,* 44 Wash. 554, 87 Pac. 814, the question involved in the immediate procedure by which the damages were ascertained, but since the only question sought to be raised goes to the validity of the proceedings affecting the organization of the diking district and the judgment of condemnation, they are not reviewable on appeal.

The judgments and orders sought to be appealed from will therefore stand affirmed.

DUNBAR, C. J., MOUNT, PARKER, and GOSE, JJ., concur.