[No. 10238.   Department Two.   April 5, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Sophia Bremer, Plaintiff*, v. THE SUPERIOR COURT FOR KITSAP COUNTY, *Respondent*.[1]

EMINENT DOMAIN—PROCEEDINGS—ADJUDGING PUBLIC USE—REVIEW —APPEAL OR CERTIORARI. There being a remedy by appeal, certiorari does not lie to review an order adjudging a public use for the condemnation of a street; and the adequacy of the remedy by appeal from the award of damages is not affected by the fact that, during the delay, the city may start construction which will interfere with plaintiff's use of the property.

Application for a writ of certiorari to review an order of the superior court for Kitsap county, Bell, J., entered March 11, 1912, adjudging a public use in a condemnation proceeding.   Dismissed.

*Hughes, McMicken, Dovell & Ramsey* and *Otto B. Rupp*, for relator.

*Bryan & Ingle*, for respondent.

PER CURIAM.—The city of Bremerton is seeking through condemnation proceedings to extend one of its streets over certain tide lands belonging to relatrix.   The trial court, having adjudged the contemplated use to which the city sought to appropriate the lands was a public use, ordered a jury to ascertain their value and the compensation to be paid relatrix for the lands to be taken.   Relatrix thereupon applied to this court for a writ of certiorari to review the adjudication of public use.   The court granted an order to show cause, and upon the return thereof, respondent moves to quash, upon the ground that the order was improvidently issued and that relatrix has a plain, speedy, and adequate remedy by appeal.

[1]Reported in 122 Pac. 614.

The motion to quash must be granted. We have established the rule that this writ will not issue, where an appeal will lie furnishing an adequate remedy, and that in condemnation proceedings appeal is the proper proceeding to review the adjudication of public use. The cases so holding are so recent that we do not deem it useful to discuss the question further. *Puyallup v. Lacey*, 43 Wash. 110, 86 Pac. 215; *State ex rel. Northern Pac. R. Co. v. Superior Court*, 46 Wash. 303, 89 Pac. 879; *Tacoma v. Nisqually Power Co.*, 54 Wash. 292, 103 Pac. 49.

Relatrix does not contest this rule, but contends that the situation involved discloses that the delay incident to the appeal will work a deprivation of a substantial right, and prevent the enjoyment of the fruits of the appeal; and hence, as to her, appeal is not an adequate remedy. This contention is based upon the assumption that, inasmuch as she owns all the lands sought to be condemned, the city will, immediately upon the return of verdict, accept the award, enter judgment, and drive piling to carry the street across the lands, which would seriously interfere with her contemplated use of these lands and cause her great damage. We cannot see that the situation presented is any different from what it would be if the street was to be taken from uplands wholly, and the possibility of a complete construction before the appeal could be determined. The legislature having provided for the appeal and fixed it as the proper remedy for those aggrieved, the courts cannot change it because it would work more or less of a hardship. Such is doubtless the case in most judgments. The fruits of this appeal would be the right to the possession of these lands and that would still remain to relatrix. We cannot see that any of her substantial rights will be so seriously interfered with as to make this case an exception.

The motion to quash is granted, and the application dismissed.