[No. 16992. Department Two. March 7, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Nelson Abbott et al., Plaintiff,* v. THE SUPERIOR COURT FOR SKAGIT COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN (158)—PROCEEDINGS—REVIEW ON CERTIORARI— STATEMENT OF GROUNDS—SUFFICIENCY. Under Rem. Code, § 1002, providing that the writ of certiorari shall be granted to correct an erroneous proceeding, or proceeding not according to the course of the common law, when there is no appeal, an adjudication of use and necessity in a condemnation proceeding is reviewable under such a writ where the petition therefor alleges that it is contrary to the evidence and the law, that the property sought to be appropriated is not properly described in the petition for condemnation and is not necessary for the improvement, that the finding that the improvement would provide a good and sufficient outlet is contrary to the evidence, and that the orders overruling the motion to strike and make more definite and overruling a demurrer are contrary to law.

Application filed in the supreme court December 21, 1921, for a writ of certiorari to review an order of pub-

[1]Reported in 204 Pac. 815.

lic use and necessity in condemnation proceedings. Granted.

*Byers & Byers* and *H. A. McLean,* for relator.

*Wright, Kelleher, Allen & Hilen* and *Thos. Smith,* for respondents.

MAIN, J.—This is an application for a writ of certiorari, or as it is called by the statute, a writ of review. The respondents are the drainage commissioners of drainage district No. 19 in Skagit county, and brought an action in condemnation to acquire the lands necessary for a system of drainage which they claimed would be benefited by the improvement. The relators are the owners of land which would be affected by the condemnation. After a hearing, the trial court entered an order of public use and necessity. It is this judgment which is here sought to be reviewed.

The respondents resist the issuance of the writ, claiming that the showing is not sufficient. The petition for the writ is supported by an affidavit.

The sole question is whether the relators have made a sufficient showing to justify the issuance of the writ of review. The adjudication of an order of use and necessity in a condemnation proceeding cannot be reviewed by appeal, but only in a proceeding like this. *Calispel Diking Dist. No. 1 v. McLeish,* 63 Wash. 331, 115 Pac. 508; *Chicago, Milwaukee & P. S. R. Co. v. Slosser,* 82 Wash. 467, 144 Pac. 706. The statute § 1002 of Remington's 1915 Code (P. C. § 7418), provides that a writ of review shall be granted to correct any erroneous or void proceeding, or proceeding not according to the course of the common law, and "there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law." Section 1003 (P. C. § 7419) provides, among other things, that

the writ may be granted without notice. It will be observed that § 1002 would seem to require the writ to be issued where there is no appeal, but that if the question were whether the appeal was an adequate remedy the court would be required to exercise discretion before the issuance of the writ. The statute says that the writ shall be granted to correct an erroneous proceeding, or proceeding not according to the course of the common law, when there is no appeal. In *State ex rel. McCormick v. Superior Court,* 43 Wash. 91, 86 Pac. 205, it was held that the application for the writ must disclose some apparent error before the writ will be issued. In that case the writ was denied, but the relator there did not allege any distinct ground or particular claim of error. The sections of the statute above mentioned were not referred to in the opinion.

It would seem that, under the positive language of the statute, the holding in that case should not be extended. The showing in the present case, however, brings it within the rule there announced. It is stated in the affidavit filed in support of the petition that the adjudication that the contemplated use for which the land was sought to be appropriated was a public use was contrary to the evidence and contrary to the law; that the property sought to be appropriated was not properly described in the petition for the condemnation and was not necessary for the establishment of the improvement; that the adjudication that the improvement would provide a good and sufficient outlet was contrary to the evidence; that the orders overruling the motion to strike and make more definite and overruling a demurrer were contrary to law. If the things alleged in the affidavit are true, the order of public use and necessity was not entered according to the course of the common law. *State ex rel. Matson v. Superior Court,* 42 Wash. 491, 85 Pac. 264.

The showing made brings the case within the holding in *State ex rel. McCormick v. Superior Court, supra.* If the case were one where the question was whether there was an adequate remedy by appeal, a different question would be presented. Authorities from other jurisdictions are of little aid in determining the question here presented because of different statutory provisions.

The writ will issue.

PARKER, C. J., HOLCOMB, MITCHELL, and MACKINTOSH, JJ., concur.