[No. 30122. *En Banc.* April 18, 1947.]

THE STATE OF WASHINGTON, *on the Relation of Northwestern Electric Company et al., Plaintiff,* v. THE SUPERIOR COURT FOR CLARK COUNTY, *H. G. Sutton, Judge, Respondent.*[1]

[1]Reported in 179 P. (2d) 510.

Joe E. Hall and Metzger, Blair, Gardner & Boldt (Laing, Gray & Smith, of counsel), for relators.

D. Elwood Caples and Houghton, Cluck & Coughlin, for respondent.

MILLARD, J.—November 2, 1946, on application of relators, who gave no notice to respondent or to the public utility district of presentation of their application for the writ, the chief justice of this court entered an order directing issuance of writ of certiorari to review a decree of public use and necessity entered October 5, 1946, by the superior court for Clark county, in eminent domain proceedings conducted by public utility district No. 1 for the acquisition of certain electrical properties of relators.

Respondent appeared and moved that the writ of certiorari be quashed, for the reason that the writ issued is peremptory rather than alternative in form, hence may not be issued without notice to the adverse parties under Rule 30, Rules of Supreme Court, 18 Wn. (2d) 27-a, which provides that:

"When made without notice, except as to writs which issue as a matter of right, only an order to show cause or an alternative writ will be issued. . . ."

A second ground urged by respondent for quashing the writ is that Rule 5, Rules of Supreme Court, 18 Wn. (2d) 4-a, requires that an appeal from any order other than a final order from which an appeal is allowed must be taken within fifteen days after the entry of such order; therefore, as the order or decree of public use and necessity is not a final judgment, and as the rule governing appeals is applicable in review by certiorari, the writ should be quashed because not perfected within fifteen days.

Respondent also argues that certiorari will not lie to review the decree of public use and necessity because relators have an adequate remedy by appeal.

A Department of this court entered an order—no opinion was filed—granting, under Rule 30, Rules of Supreme Court, 18 Wn. (2d) 27-a, the motion to quash the writ. The matter is now before us for rehearing *En Banc* on petition of relators therefor.

Three questions are posed by respondent's motion to dismiss: (1) Was the writ of certiorari in the case at bar issuable as a matter of right and without notice? (2) Is the order or decree of public use and necessity in the case at bar a final judgment, appeal from which, or review of by certiorari, required to be perfected within thirty days? (3) Have relators an adequate remedy by appeal?

The first and second questions are answered in the affirmative and the third question in the negative, for the following reasons:

Rule 30, Rules of Supreme Court, 18 Wn. (2d) 27-a, so far as pertinent, reads as follows:

"Applications for original writs, other than writs of *habeas corpus,* shall be made to the chief justice, and may be made either with or without notice to the adverse party. When made without notice, except as to writs which issue as a matter of right, only an order to show cause or an alternative writ will be issued. . . ."

If we have a statute which provides that alleged error inhering in a decree of public use and necessity may be reviewed on appeal, ordinarily the decree may not be reviewed by writ of certiorari; that is, the condemnee has a right to a review of such errors by certiorari if no provision is made for appeal for that purpose. If an appeal is available at any stage of the eminent domain proceedings to review such questions, an adequate remedy is provided. If an appeal is not available, the decree of public use and necessity is a final judgment reviewable by writ of certiorari as a matter of right in aid of the appellate jurisdiction of this court. The statute (Rem. Rev. Stat., § 1002 [P.P.C. § 15-3]) reading as follows, grants this right:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the

jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

It is clear from a reading of the foregoing statute that, where there is no right of appeal by which review may be had of alleged errors in a decree of public use and necessity, such decree is a final judgment which may be reviewed only by writ of certiorari, which, of course, issues as a matter of right. If there is a right of appeal and the question presented is whether the appeal provides a plain, speedy, and adequate remedy, the writ of certiorari may issue only in the discretion of the court.

In *State ex rel. Abbott v. Superior Court,* 119 Wash. 26, 204 Pac. 815, the relators applied for a writ of certiorari to review a decree of public use and necessity in a condemnation case. The condemnors in that case were commissioners of a drainage district who sought to acquire lands necessary for a system of drainage. In granting the writ, we said:

"The sole question is whether the relators have made a sufficient showing to justify the issuance of the writ of review. The adjudication of an order of use and necessity in a condemnation proceeding cannot be reviewed by appeal, but only in a proceeding like this. *Calispel Diking Dist. No. 1 v. McLeish,* 63 Wash. 331, 115 Pac. 508; *Chicago Milwaukee & P. S. R. Co. v. Slosser,* 82 Wash. 467, 144 Pac. 706. The statute § 1002 of Remington's 1915 Code (P. C. § 7418), provides that a writ of review shall be granted to correct any erroneous or void proceeding, or proceeding not according to the course of the common law, and 'there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.' Section 1003 (P. C. § 7419) provides, among other things, that the writ may be granted without notice. It will be observed that § 1002 would seem to require the writ to be issued where there is no appeal, but that if the question were whether the appeal was an adequate remedy the court would be required to exercise discretion before the issuance of the writ. The statute says that the writ shall be granted to correct an erroneous proceeding, or proceeding

not according to the course of the common law, when there is no appeal. In *State ex rel. McCormick v. Superior Court,* 43 Wash. 91, 86 Pac. 205, it was held that the application for the writ must disclose some apparent error before the writ will be issued. In that case the writ was denied, but the relator there did not allege any distinct ground or particular claim of error. The sections of the statute above mentioned were not referred to in the opinion."

In *State ex rel. Bremerton Bridge Co. v. Superior Court,* 194 Wash. 7, 76 P. (2d) 990, a peremptory writ of certiorari was issued to review a decree of public use and necessity entered in a condemnation action instituted by the state. The state, represented by the attorney general, filed a motion to quash the writ or, in the alternative, to strike the stay order contained therein, upon the ground that the order for a writ of review was improvidently issued.

In denying the motion, we stated that it is the settled law of this state that an adjudication of public use in condemnation proceedings may not be reviewed by appeal, but only by certiorari; that an order declaring a public use becomes final unless review thereof be taken to this court within the period prescribed by the statute after the entry of such order. As relators have no right of review by appeal, they are entitled to a writ of certiorari as a matter of right.

Two opinions of this court are to the contrary: *Tacoma v. Nisqually Power Co.,* 54 Wash. 292, 103 Pac. 49, and *State ex rel. Bremer v. Superior Court,* 68 Wash. 51, 122 Pac. 614.

*State ex rel. Washington Public Service Co. v. Superior Court,* 86 Wash. 155, 149 Pac. 652, which was decided three years subsequent to *State ex rel. Bremer v. Superior Court, supra,* sustains the position of relators in the case at bar and *sub silentio* overrules *Tacoma v. Nisqually Power Co., supra,* and *State ex rel. Bremer v. Superior Court, supra. State ex rel. Washington Public Service Co. v. Superior Court, supra,* has never been overruled or modified. Consistently, the procedure prescribed in that opinion has been followed, even to the granting of writs of certiorari to review decrees of public use and necessity in eminent domain

proceedings brought by public utility districts. See *State ex rel. Willapa Electric Co. v. Superior Court,* 196 Wash. 523, 83 P. (2d) 742, and *State ex rel. Washington Water Power Co. v. Superior Court,* 8 Wash. (2d) 122, 111 P. (2d) 577.

■ The statute (Rem. Supp. 1945, § 11610 (b)), which grants to public utility districts the power to condemn, provides:

". . . and such right of eminent domain shall be exercised and instituted pursuant to resolution of the Commission and conducted in the same manner and by the same procedure as is or may be provided by law for the exercise of the power of eminent domain by incorporated cities and towns of the State of Washington in the acquisition of like property and property rights. . . ."

The power of incorporated cities and towns to acquire public utility properties is granted by a special statute (Laws of 1909, chapter 150, p. 580, § 1, as amended by subsequent statutes (Rem. Rev. Stat. (Sup.), § 9488 [P.P.C. § 416-1])) in which enactment no procedure is prescribed.

The general statute relating to eminent domain by cities and towns provides that,

"Any final judgment or judgments rendered by said court upon any finding or findings of any jury or juries, or upon any finding or findings of the court in case a jury be waived, shall be lawful and sufficient condemnation of the land or property to be taken, or of the right to damage the same in the manner proposed, upon the payment of the amount of such findings and all costs which shall be taxed as in other civil cases, provided that in case any defendant recovers no damages, no costs shall be taxed. Such judgment or judgments shall be final and conclusive as to the damages caused by such improvement unless appealed from, and no appeal from the same shall delay proceedings under said ordinance, if such city shall pay into court for the owners and parties interested, as directed by the court, the amount of the judgment and costs, and such city, after making such payment in court, shall be liable to such owner or owners or parties interested for the payment of any further compensation which may at any time be finally awarded to such parties so appealing in said proceeding, and his or her costs, and shall pay the same on ren-

dition of judgment therefor, and abide any rule or order of the court in relation to the matter in controversy. . . ." Rem. Rev. Stat., § 9230 [P.P.C. § 26-31].

In the above-quoted section of the statute, it will be noted, is the provision that, in the absence of appeal therefrom, the judgment or judgments shall be final as to the damages caused by the improvement, and that no appeal from such judgment shall delay proceedings under the ordinance providing for condemnation if the city shall pay into court for the condemnee and parties interested, the amount of the judgment and costs.

The statute (Rem. Rev. Stat., § 9276 [P.P.C. § 26-123]) further provides that, except as therein otherwise provided, the practice and procedure under the statute in relation to the taking of appeals and prosecution thereof shall be the same as in other civil actions, but all appeals must be taken within thirty days from the date of rendition of the judgment from which the appeal is taken.

Patently, .Rem. Rev. Stat., § 9276, grants no right of appeal but relates merely.to procedure. The right of appeal which Rem. Rev. Stat., § 9230, grants has to do with the judgment awarding compensation and is a limited right of appeal which relates solely to the ascertainment of just compensation. In other words, it is concerned solely with the jury question of just compensation and does not include the judicial question of public use or the decree of public use and necessity.

 The provision of our constitution (Art. IV, § 4, state constitution) which confers appellate jurisdiction on this court is not self-executing. An appeal may not be entertained by this court unless a method of appeal is prescribed by statute or by rule of this court. *Western American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158.

 Where, in a special proceeding (such as an eminent domain proceeding) authorized by a particular statute, a limited appeal only is authorized, the general appeal statute is not applicable, and the appeal permitted is restricted to only those questions as to which an appeal is especially authorized. *North Coast R. Co. v. Gentry*, 58 Wash. 80,

107 Pac. 1059; *Chicago, M. & P. S. R. Co. v. Slosser,* 82 Wash. 467, 144 Pac. 706; and *State ex rel. Davis v. Superior Court,* 82 Wash. 31, 143 Pac. 168.

■ The exercise of the power of eminent domain is a special proceeding ordinarily involving the entry of three separate and distinct judgments. *Chicago, M. & P. S. R. Co. v. Slosser,* 82 Wash. 467, 144 Pac. 706 and *State ex rel. Grays Harbor Logging Co. v. Superior Court,* 100 Wash. 485, 171 Pac. 238.

In none of our eminent domain statutes is a general or all-inclusive right of appeal granted. The eminent domain statutes governing condemnation by the state (Rem. Rev. Stat., §§ 891 to 900 [P.P.C. §§ 34-1 to -19]) expressly authorize an appeal from the judgment for damages, which is restricted to "the propriety and justness of the amount of damage in respect to the parties to the appeal." Rem. Rev. Stat., § 899 [P.P.C. § 34-17].

The eminent domain statutes which govern condemnation proceedings by "any corporation authorized . . . to appropriate land, real estate, premises or other property" (Rem. Rev. Stat., §§ 921-927 and §§ 929-932 [P.P.C. §§ 28-1 to -13 and 28-15 to -21]), also authorize only a similarly limited appeal. These latter statutes are made applicable to eminent domain proceedings by counties (Rem. Rev. Stat., § 903 [P.P.C. § 28e-5]). Under each of these statutes a decree of public use and necessity can be reviewed only by certiorari.

See *State ex rel. Bremerton Bridge Co. v. Superior Court,* 194 Wash. 7, 76 P. (2d) 990, which was a condemnation proceeding brought by the state; *State ex rel. Pagett v. Superior Court,* 46 Wash. 35, 89 Pac. 178, which was a condemnation proceeding by a county to acquire property for a highway; and *Spokane Valley Power Co. v. Northern Pac. R. Co.,* 99 Wash. 557, 169 Pac. 991, and *State ex rel. Grays Harbor Logging Co. v. Superior Court,* 100 Wash. 485, 171 Pac. 238, which involved condemnation actions instituted by a corporation.

While some eminent domain statutes authorize an appeal, it will be noted that the statutes respecting eminent

domain by cities and towns (Rem. Rev. Stat., §§ 9215-9279 [P.P.C. §§ 26-1 to 26-129]) differ from those statutes, in that the statutes governing eminent domain by cities and towns do not expressly authorize any appeal. The statute (Rem. Rev. Stat., § 9230) only by implication permits an appeal from the judgment for damages. That statute provides:

"Such judgment or judgments shall be final and conclusive as to the damages caused by such improvement unless appealed from, . . ."

The foregoing provision, while not employing the language found in the corresponding provisions in other eminent domain statutes, is no different in effect and restricts the appeal to questions involving the amount of damages, for the reason that, by the terms of that section of the statute, every judgment in a condemnation proceeding is made final except the judgment as to the amount of damages. That this is so, readily appears from a reading of that section (Rem. Rev. Stat., § 9230), which provides that, if the city pays into court the amount of the judgment on the award, that judgment is a ". . . lawful and sufficient condemnation of the land or property to be taken, or of the right to damage the same in the manner proposed, . . ." and no appeal from that judgment ". . . shall delay proceedings under said ordinance, . . ." but the city, ". . . after making such payment into court, shall be liable to such owner or owners or parties interested for the payment of any further compensation which may at any time be finally awarded to such parties so appealing in said proceeding, . . ."

Rem. Rev. Stat., § 9276, contains no language from which it may be reasonably inferred that the statutes relating to appeals in civil actions are applicable to condemnation proceedings by cities and towns. Rem. Rev. Stat., § 9276, provides only that ". . . the practice and procedure under this act . . . in relation to the taking of appeals and prosecution thereof, . . ." allowed by the act, ". . . shall be the same as in other civil actions, . . ." except that any such appeal shall be taken within thirty days from

the date of the entry of the judgment from which the appeal is prosecuted.

Eminent domain proceedings by counties are governed by one set of statutes (Rem. Rev. Stat., § 921 *et seq.*), and eminent domain proceedings by cities and towns are governed by other statutes (Rem. Rev. Stat., § 9215 *et seq.*). An unnecessary difference in interpretation of those statutes would make for confusion in the exercise of the power of eminent domain granted by another statute (Rem. Rev. Stat. (Sup.), § 905-1) to cities, towns, port districts, and counties to acquire, maintain and operate aerial transportation facilities, and to acquire by condemnation the lands and other property necessary therefor. This section of the statute further provides that the exercise of the power of eminent domain so granted shall be ". . . under the same procedure as is or shall be provided by law for the condemnation and appropriation of private property for any of their respective corporate uses, . . ." The foregoing section of the statute clearly expresses the intention of the legislature that there shall be no distinction between cities and towns on the one hand and counties on the other, all of which are grouped without distinction as municipalities.

Chapter 102, p. 213, Laws of 1901, granted a right of appeal from the order of the court adjudicating or refusing to adjudicate that the contemplated use of the property sought to be appropriated is really a public use. That statute also granted a right of appeal from the judgment and decree of appropriation within thirty days after the entry of such decree, which appeal would present to this court the question of the propriety and justness of the amount of damages in respect to the parties to the appeal, and also the legality, propriety, and necessity of the appropriation. The statute was held unconstitutional in *State ex rel. Seattle Electric Co. v. Superior Court*, 28 Wash. 317, 68 Pac. 957, 92 Am. St. 831, for the reason that it violated the constitutional requirement (Art. II, § 19, state constitution) that the subject of an act shall be expressed in its title.

■ The foregoing statute discloses the legislative interpretation that, in the absence of such a statute, an order or decree of public use and necessity is not reviewable by appeal. The fact that, since the 1901 enactment, no like act conforming to constitutional requirements has been passed, manifests acceptance by the legislature, as a matter of public policy, the holding of this court that such an order or decree, although not appealable, may nevertheless be reviewed by certiorari.

*State ex rel. Washington Public Service Co. v. Superior Court*, 86 Wash. 155, 149 Pac. 652, involved an application to this court for a writ to prohibit the entry of decree in eminent domain proceedings instituted by the city of Olympia under the 1909 public utilities statute (chapter 150, p. 580, Laws 1909). We held that the statutes governing eminent domain proceedings allowed an appeal only from the judgment on the award and are restricted to questions involving the amount of the award. We said:

"The statutes of eminent domain further provide that the only question that can be determined on an appeal from the award by the jury is the amount of the award."

*Tacoma v. Nisqually Power Co.*, 54 Wash. 292, 103 Pac. 49, and *State ex rel. Bremer v. Superior Court*, 68 Wash. 51, 122 Pac. 614, which sustain the position of respondent in the case at bar, should be overruled. They are contrary to the opinions of this court in all other eminent domain cases and conflict with the public policy of the state. Those two opinions were in effect overruled by *State ex rel. Washington Public Service Co. v. Superior Court*, 86 Wash. 155, 149 Pac. 652, and they are now hereby expressly overruled.

*State ex rel. Bremer v. Superior Court, supra,* was decided about three years after the opinion in *Tacoma v. Nisqually Power Co., supra,* was filed in 1909. The *Bremer* case was decided by *per curiam* opinion which merely followed *Tacoma v. Nisqually Power Co., supra,* without any discussion. The opinion in the *Nisqually Power* case was based on § 51, chapter 153, p. 338, Laws of 1907 (Rem. Rev. Stat., § 9276), which provides,

" . . . except as herein otherwise provided, the practice and procedure under this act . . . in relation to the taking of appeals and prosecution thereof, shall be the same as in other civil actions, but all appeals must be taken within thirty days from the date of rendition of the judgment appealed from. . . ."

In holding that, as the decree or order of public use and necessity was made prior to the judgment on the award, it could, under the terms of the statute relating to appeals, be reviewed on appeal from the judgment of award, we failed to consider or mention § 16 (Rem. Rev. Stat., § 9230) of the same statute, which, in so far as it provides for an appeal, relates merely to the jury trial of the issue of just compensation.

There is no language in the statute (Rem. Rev. Stat., § 9276) which even by implication grants any right of appeal. If it be conceded, *arguendo*, that such right of appeal is granted, it does not follow, in view of the established law of this state that there are three separate judgments in a condemnation proceeding, that the appeal is from the second instead of from the first or third of such judgments; that is, from the judgment on the award rather than from the decree of public use and necessity or the decree of appropriation. We agree with counsel for relators that the statute does not require or admit of such construction, and reason and practice do not recommend it.

As there is no right of review on appeal, the writ of certiorari issued as a matter of right. The motion to quash should be, and it is, denied.

STEINERT, ROBINSON, SIMPSON, and HILL, JJ., concur.

SCHWELLENBACH, J. (dissenting)—The statute providing for the granting of a writ of certiorari is Rem. Rev. Stat., § 1002 [P.P.C. § 15-3].

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common

law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

In *Puyallup v. Lacey,* 43 Wash. 110, 86 Pac. 215, decided July 17, 1906, the city of Puyallup had passed an ordinance providing for the institution of an action to condemn a right of way. Pursuant to the ordinance, a petition was filed in superior court, where a demurrer to the petition was sustained. The city elected to stand on its petition, and an appeal to this court was taken from an order of dismissal. In denying a motion to dismiss the appeal, we held:

"At the hearing in this court the respondent moved to dismiss the appeal for the reason that the order is not appealable and this court has no jurisdiction. This contention is based on *Western American Co. v. St. Ann Co.,* 22 Wash. 158, 60 Pac. 158, and numerous other cases in this court following that decision. The appeal in *Western American Co. v. St. Ann Co.* was prosecuted under Bal. Code, § 5645, which provides as follows: .

" 'Either party may appeal from the judgment for damages entered in the superior court to the supreme court of the state within thirty days after the entry of judgment as aforesaid, *and such appeal shall bring before the supreme court the propriety and justness of the amount of damages in respect to the parties to the appeal;'*

and the court held that on such appeal it could only review questions affecting the propriety or justness of the damages claimed or allowed. The appeal in this case is prosecuted under the act of March 3, 1905 (Laws 1905, p. 84), which especially applies to cities. Section 50 of that act provides as follows:

" 'Except as herein otherwise provided, the practice and procedure under this act in the superior court and in relation to the taking of appeals and prosecution thereof, *shall be the same as in other civil actions,* but all appeals must be taken within thirty days from the date of rendition of the judgment appealed from.'

It will thus be seen that the act of 1905 does not restrict the right of review to the question of damages alone, but such right is regulated and controlled by subd. 1 of § 6500, Bal. Code, which provides that, . . .

The motion to dismiss the appeal is therefore denied."

On April 23, 1907, *State ex rel. Northern Pac. R. Co. v. Superior Court,* 46 Wash. 303, 89 Pac. 879, was decided. An order of public use had been entered October 12, 1906, to the city of Georgetown in connection with the condemnation of property of two railroad companies by the city. The railroad companies applied to this court for a writ of certiorari to review the adjudication of public use. The city moved to quash the writ on the grounds that it was improvidently issued, as the railroad companies had plain, speedy, and adequate remedy by appeal. We held:

"The motion to quash must be granted. In this state the writ of review lies to review the judgment of an inferior court or tribunal only where there is no appeal, or in the judgment of the court no plain, speedy and adequate remedy at law. Bal. Code, § 5741 (P. C. § 1396). The act of the legislature relating to condemnation proceedings for necessary public improvements by cities of the third class to which the city of Georgetown belongs, provides that the practice and procedure under the act in relation to taking appeals and the prosecution thereof shall be the same as in other civil actions. Laws 1905, p. 84, § 50. In *Puyallup v. Lacey,* 43 Wash. 110, 86 Pac. 215, we held that this language made the general statutes relating to appeals applicable to such proceedings, and that under these statutes an appeal would lie from the order adjudging that the contemplated use for which the property is sought to be taken is really a public use, as well as from the order fixing the sum to be paid for the property taken or damaged.

"That the remedy by appeal is adequate, within the meaning of the statute, there can be but little dispute, as all questions that can be brought before the court by a writ of review can be brought before it by an appeal. Nor should the writ be granted because the remedy by appeal is less speedy than the remedy by writ of review. The length of time it will take to prosecute an appeal is not a test of the efficiency of the remedy. It must further appear that the delay incident to the appeal will work a deprivation of some substantial right which will prevent the enjoyment of the fruits of the appeal, before it can be said that the remedy is inefficient.

"The motion to quash is granted, and the application dismissed."

In 1907 the legislature adopted chapter 153, which was a comprehensive act enabling cities to exercise the right of eminent domain. That act has been substantially continued through to this day. Section 16 of the act can be found in Rem. Rev. Stat., § 9230 [P.P.C. § 26-31]. Section 51 of the act is now Rem. Rev. Stat., § 9276 [P.P.C. § 26-123].

*Tacoma v. Nisqually Power Co.,* 54 Wash. 292, 103 Pac. 49, was a condemnation proceeding by the city of Tacoma, instituted under chapter 153 of the Laws of 1907. An appeal was prosecuted from an order of public use, and the city interposed a motion to dismiss the appeal. We held:

"Section 51 of the act under which the proceedings were instituted provides in part as follows:

" 'Except as herein otherwise provided, the practice and procedure under this act in the superior court and in relation to the taking of appeals and prosecution thereof, shall be the same as in other civil actions, but all appeals must be taken within thirty days from the date of rendition of the judgment appealed from.' Laws 1907, p. 316, § 51.

"In the case of *Puyallup v. Lacey,* 43 Wash. 110, 86 Pac. 215, we held that an order adjudicating the question of public use and public necessity was reviewable on appeal under a similar statutory provision, and both parties to the present controversy concede that that rule is applicable here. They only differ as to the method of review, the appellant contending that the order itself is appealable, while the respondent contends that a review can only be had on appeal from the final judgment in the cause, as already stated. The language of this court in *State ex rel. Northern Pac. R. Co. v. Superior Court,* 46 Wash. 303, 89 Pac. 879, gives color to the appellant's contention, for there the court said:

" 'In *Puyallup v. Lacey,* 43 Wash. 110, 86 Pac. 215, we held that this language made the general statutes relating to appeals applicable to such proceedings, and that under these statutes an appeal would lie from the order adjudging that the contemplated use for which the property is sought to be taken is really a public use, as well as from the order fixing the sum to be paid for the property taken or damaged.'

"From this language it might be inferred that the order adjudicating the question of public use is itself appealable,

but no such question was then before the court. The court was simply considering the question whether the relator had a remedy by appeal in any form, and the statement as to what was decided in *Puyallup v. Lacey* is inaccurate if not misleading. The question here presented was not involved in the Puyallup case. There the appeal was prosecuted from a final judgment of dismissal, and the question of the right to appeal from an order of this kind was neither discussed nor considered. The question is therefore an open one in this court.

"Subd. 1 of Bal. Code, § 6500 (P. C. § 1048), provides that an appeal will lie,

" 'From the final judgment entered in any action or proceeding, and an appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment, in case the record sent up on the appeal, or any supplementary record sent up before the hearing thereof, shall show such order sufficiently for the purposes of a review thereof.'

"There is no room to controvert the proposition that the order from which the present appeal is prosecuted is an order made before judgment in the condemnation proceedings, within the purview of this statute, and that such order may be reviewed on appeal from the final judgment. It is the policy of the law, and has heretofore been the policy of this court, to discourage a multiplicity of appeals and to deny an appeal from all orders that may be reviewed on appeal from the final judgment, unless an appeal is expressly given by statute."

Section 6500, subd. 1, of Bal. Code, referred to in the above case, is now Rem. Rev. Stat., § 1716 [P.P.C. § 5-1], subd. 1.

In a *per curiam* opinion in *State ex rel. Bremer v. Superior Court,* 68 Wash. 51, 122 Pac. 614, in ruling on a motion to quash a writ of certiorari, we said:

"The motion to quash must be granted. We have established the rule that this writ will not issue, where an appeal will lie furnishing an adequate remedy, and that in condemnation proceedings appeal is the proper proceeding to review the adjudication of public use. The cases so holding are so recent that we do not deem it useful to discuss the question further. *Puyallup v. Lacey,* 43 Wash. 110, 86 Pac. 215; *State ex rel. Northern Pac. R. Co. v. Superior*

*Court,* 46 Wash. 303, 89 Pac. 879; *Tacoma v. Nisqually Power Co.,* 54 Wash. 292, 103 Pac. 49."

These cases have never been overruled.

There is no statutory provision for appeal of any issue other than damages in eminent domain proceedings by private corporations, the state, counties, or municipal corporations other than cities and towns. In *Seattle, P. A. & L. C. R. v. Land,* 81 Wash. 206, 142 Pac. 680, we held:

"The proceedings for condemnation by public service corporations are clearly defined by statute and well settled in practice. Upon petition and notice, a hearing is first had upon the questions of public use and necessity. This hearing necessarily involves the corporate capacity and the right to maintain the proceedings on the part of the petitioner as a public service corporation, the purpose for which the land is sought and its necessity for that purpose. Rem. & Bal. Code, § 925 (P. C. 171 § 176). These are questions for the court. From its decision thereon there is no appeal. *Western American Co. v. St. Ann. Co.,* 22 Wash. 158, 60 Pac. 158. A review of these questions can only be obtained by certiorari. *North Coast R. Co. v. Gentry,* 58 Wash. 80, 107 Pac. 1059; *Whatcom County v. Yellowkanim,* 48 Wash. 90, 92 Pac. 892. The only question reviewable on appeal is 'the propriety and justness of the amount of damages.' Rem. & Bal. Code, § 931 (P. C. 171 § 180a); *Fruitland Irr. Co. v. Smith,* 54 Wash. 185, 102 Pac. 1031; *State ex rel. Port Townsend Southern R. Co. v. Superior Court,* 44 Wash. 554, 87 Pac. 814."

We thus have two lines of decisions in this state regarding condemnation proceedings. As to private corporations, the state, counties, and municipal corporations other than cities and towns, there being no right of appeal of any question other than the amount of damages, it necessarily follows that any question of error in the issuance of an order of public use and necessity can only be reviewed by certiorari. On the other hand, as to cities and towns, the right of appeal is granted by statute, and such appeals are not permitted to be brought here piecemeal, but only from the final judgment. As to this class of cases, there is no necessity for a writ of certiorari to determine whether or not there has been any error in the issuance of an order

of public use and necessity, because all questions raised during any stage of the proceedings can be determined upon final appeal.

The public utility districts act provides that

" . . . such right of eminent domain shall be exercised and instituted pursuant to resolution of the Commission and conducted in the same manner and by the same procedure as is or may be provided by law for the exercise of the power of eminent domain by incorporated cities and towns of the State of Washington in the acquisition of like property and property rights. . . ." Rem. Supp. 1945, § 11610 (b).

It can be safely assumed that the proponents of public power, when they submitted the initiative to the voters in 1930, deliberately placed this provision in the act, having in mind the statutory provisions relating to appeals, as interpreted by this court in 1906 and 1907. This is the first time since 1907 that the *Puyallup, Northern Pac. R. Co., Nisqually,* and *Bremer* cases have ever been questioned. In the *Willapa Electric Co.* and *Washington Water Power Co.* cases the question of the right to a writ of certiorari was not raised nor considered by this court.

It is contended that *State ex rel. Washington Public Service Co. v. Superior Court,* 86 Wash. 155, 149 Pac. 652, *sub silentio* overruled the above cases. In that case, the city of Olympia was condemning the plant and facilities of the Washington Public Service Company. A jury was impaneled and an award of $88,500 was given, and a judgment entered against the city for that sum, plus costs of suit. Pending an appeal, the city attempted to pay into court the amount of the judgment, plus costs, and relators applied to this court seeking to prohibit the trial court from entering a decree of appropriation pending an appeal. It was held under the provisions of Bal. Code, §§ 7783, 7784, that the city had a right to take the property pending appeal, upon the payment of damages and costs. That was the only issue in the case. No question was raised concerning the order of public use, and this court was not called upon to determine whether such a question should

be raised by appeal or certiorari. In the course of the opinion, we made this statement: "The statutes of eminent domain further provide that the only question that can be determined on an appeal from the award by the jury is the amount of the award."

No such issue was before the court, and the foregoing statement was purely dictum. We were only considering, as we said, "an appeal from *the award by the jury*," and the statement was made to explain our position.

It is contended that relators are entitled to a writ of certiorari as a matter of right because, under the provisions of Rem. Rev. Stat., § 9230, the public utility district could, pending appeal, pay into court the amount of the award, plus costs, and take over the property before it had been determined by this court whether or not they had any legal right so to do (as to the order of public use and necessity), thus depriving relators of a substantial right which would prevent the enjoyment of the fruits of the appeal.

*In re Rainier Avenue*, 80 Wash. 688, 141 Pac. 1137, was an action in which the city of Seattle instituted condemnation proceedings to acquire the necessary rights and property to improve Rainier avenue. The Seattle, Renton & Southern Railway Company operated a railway system along the avenue for practically the entire distance of the improvement. The improvement, as directed by the city ordinance, provided for a change in the grade of the street which would require a readjustment of the company's tracks throughout the entire distance. The company appealed from the judgment of condemnation and the judgment entered on the award of the jury. Pending appeal, the city paid the amount of the award into court and claimed the right to immediately proceed with the improvement.

On application, we suspended the operation of the judgment pending appeal, and, in discussing the provisions of the statute giving immediate possession to the city upon payment of the award, said:

"This statute undoubtedly has force in a case where specific property has been condemned, and no contest

remains further than a contest over the amount of the award. But seemingly there are other and graver questions presented by this appeal, questions which go to the right of the city to enter upon or disturb the appellant's property."

I have no doubt that the appellant in any eminent domain proceeding instituted by a city or a public utility district, where the questions involved in the appeal consist not only of the amount of the award, but also the right of the city or the district to institute the proceedings, or any procedural matters therein, could apply to this court and have the matter stayed until all such questions had been determined by us. Relators have an adequate remedy by appeal. They are not entitled to a writ of certiorari as a matter of right. If they feel that their remedy is not adequate, they should apply to the legislature for relief, rather than to ask us to overrule cases which have been the law of this state for forty years.

I therefore dissent.

MALLERY, C. J., JEFFERS, and ABEL, JJ., concur with SCHWELLENBACH, J.